272 So.2d 8 (1973)
Luis BIANCHI, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-743.
District Court of Appeal of Florida, Third District.
January 10, 1973.
Pollack, Yocom & Haggard, Alvin E. Entin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Defendant, Luis Bianchi, was found guilty of aggravated assault and carrying a concealed firearm. On appeal he urges that testimony given at trial by a police officer called as a witness for the prosecution should have been excluded because the officer failed to appear for the taking of his deposition.
The record on appeal reveals that while one witness called by the state did not appear for the taking of his deposition, the defendant made no attempt to re-subpoena or reset the deposition before trial. Additionally, when the trial judge was informed of this incident just before the subject witness was to testify, an offer was made to defense counsel to depose the witness before continuing with trial. This opportunity was turned down by the defense.
It is the opinion of this court that defendant is complaining about an error he induced himself and he may not take advantage of it. Gagnon v. State, Fla.App. 1968, 212 So.2d 337. Defendant had the opportunity to re-notice the taking of the subject witness' deposition, and he waived the right to depose that witness before his testimony.
Accordingly, the judgment and sentence are affirmed.
Affirmed.