BOYD, Justice.
This cause is before us on a writ of ha-beas corpus and return thereto. We have jurisdiction pursuant to Article V, Section 3(b)(6), Florida Constitution.
The Petitioner, a prisoner in the state prison at Bushnell, has filed with this Court several letters which we have treated as a petition for habeas corpus. Petitioner reviews the facts of this case and alleges that the 20-year sentence imposed on him for robbery is unduly harsh and was entered against him without the benefit of pre-sentence investigation.
In his return, Respondent submits that this petition should not be considered by this Court since it fails to allege either that Petitioner has sought relief in the trial court pursuant to Rule 3.850, Rules of Criminal Procedure, or that resort to such relief is inadequate. We cannot agreee. Even Respondent admits that Petitioner filed several “petitions for reconsideration of sentence”, which were denied by the lower court; there is evidence in the record that the court considered these documents to be motions for mitigation and, while the language used by Petitioner may have been inartful, neverthelesss, it seems adequate under the rule. We consider the cause properly before us.
Alternatively, in his return, Respondent submits that Petitioner has failed to state grounds for relief; we agree. The law is well settled that, where the sentence imposed is within the lawful limits prescribed by statute, such sentence will not be inquired into by an appellate court.[1] Section 813.011, Florida Statutes, provides as-, follows:
“813.011 Robbery defined; penalties.— Whoever, by force, violence or assault or putting in fear, feloniously robs, steals and takes away from the person or custody of another, money or other property which may be the subject of larceny, shall be guilty of a felony of the first degree, punishable by imprisonment in the state prison for life or for any lesser term of years, at the discretion of the court.”
It is clear, therefore, that a sentence of twenty years is within limits provided by law and Cannot be considered unduly harsh.
As to Petitioner’s allegation concerning the imposition of the sentence in the absence of a presentence investigation report, we find this claim to be without merit. Rule 3.710, Rules of Criminal Procedure, provides in part as follows:
“ . . . No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and 'the recommendations of the [Probation and Parole Commission] received and considered by the sentencing judge.” [e.s.]
Exhibits attached to Respondent’s return show that at the time Petitioner plead guilty to the robbery sub judice, his record reflected 13 prior arrests with three felony convictions and two misdemeanor convictions. It is clear that the Petitioner, who was 25 years old at time of sentencing, does not come within the scope of the above quoted rule since he was over the age of 18 and since this was not his first felony offense.
Accordingly, the writ of habeas corpus is discharged and the petition is dismissed.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN and McCAIN, JJ., concur.

. Brown v. State, 152 Fla. 853, 13 So.2d 458 (1943).