SMITH, Judge.
Spadaro asserts that his felony convictions as a recidivist beverage law violator, § 562.45(1), F.S., were vitiated by an insufficient verdict and by the trial court’s action in resubmitting the case for a proper verdict after the jury had been excused from service.
Spadaro was charged in three counts with felony violations of the beverage laws, ch. 562, F.S. Count one alleged that he had previously been convicted of beverage law violations and that on January 26, 1975, he possessed alcoholic beverages with intent to sell without a license. Count two alleged his previous convictions and that he unlawfully maintained a place where alcoholic beverages were sold without a license. Count three alleged his prior convictions and that on February 1, 1975, he again possessed alcoholic beverages with intent to sell without a license.
Trial was had and a jury verdict was returned in the following form: “We, the Jury, find the defendant, Fred V. Spadaro, guilty as charged under the first, second, and third counts of the amended Information. So say we all.” After receiving the verdict the trial judge addressed the jury: “You are excused now from further jury service and we do appreciate your being with us this week. Report where you came in Monday morning across the hall and the Clerk will pay you for being with us this week. Thank you again. Court is adjourned.”
Immediately after the jurors left the courtroom, appellant’s attorney moved for a judgment of acquittal and to arrest the judgment on the ground, among others, that the verdict was insufficient to support a felony judgment and sentence in that it failed to find explicitly that appellant had previously been convicted of beverage law violations. The court, after admonishing appellant’s lawyer,[1] recalled the jury, which had not dispursed from the courthouse, and resubmitted the case with a new verdict form which recited Spadaro’s guilt of the current charges and separately found that he had previously been convicted of beverage law violations. The jury returned its verdict on that form and the trial court adjudicated Spadaro guilty on all three counts and sentenced him to felony terms on two of them. Sec. 562.45, F.S.
Our Supreme Court has held a general verdict of guilty as charged is insufficient to convict a recidivist under the felony provisions of § 562.45, F.S., even when the information charges, as it does here, that the accused was previously convicted for violating beverage laws. State ex rel. Lockmiller v. Mayo, 88 Fla. 96, 101 So. 228 (1924); Barnhill v. State, 41 So.2d 329, 331, 332 (Fla.1949). The rationale of those decisions is that the prior conviction is not an element of the more recent offense, itself a misdemeanor, and that the private conviction must be separately found by the jury. But the same authorities hold also, as consistency would require, that the jury should be charged both on the elements of the misdemeanor and on the separate issue of prior conviction, and that the jury should be instructed to find by its verdict, if there is a conviction, whether the accused was previously convicted.
Spadaro’s counsel not only acquiesced in but affirmatively induced the trial court’s error for which he seeks reversal. It was not simply that Spadaro’s counsel did not volunteer an objection to the form of verdict submitted to the jury. The error in the verdict was foredoomed by the court’s erroneous jury charge that Spadaro’s pre *112 vious conviction of a Florida beverage law violation was one of the essential elements of the offenses charged in the information. The jury’s irregular verdict was entirely responsive to those instructions. And it was Spadaro’s counsel who requested that the jury be so charged.
Spadaro is in no position to complain of a felony verdict which was dispositive of the issues tried and consistent with instructions erroneously given at his request. Bianchi v. State, 272 So.2d 8 (Fla.App.3d, 1973); Castle v. State, 305 So.2d 794 (Fla.App.4th, 1975), cert. den. 317 So.2d 766. We therefore do not reach the question of whether the jury, which had not dispersed from the courthouse, could be recalled to consider a corrected form of verdict. None of Spadaro’s other points require reversal.
AFFIRMED.
MILLS, J., concurs.
RAWLS, Acting C. J., dissents.

. The trial judge stated: “You can object to it but I don’t think you have been completely fair with the court in discharging your duty as an officer of the Court by sitting back on this decision while the court submits what appears to be an improper verdict of the jury without comment.”