343 So.2d 844 (1976)
Jesse ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. AA-312.
District Court of Appeal of Florida, First District.
October 11, 1976.
Richard W. Ervin, III, Public Defender; and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Jeanne Dawes Schwartz, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant appeals his judgment and sentence for aggravated assault. He was charged by information with assault "with intent to commit a felony, to wit: murder in the first degree." He was arraigned, pled not guilty and the case was set for trial. Subsequently, he appeared before the court with his attorney, Assistant Public Defender Craig Dickinson. Assistant State Attorney Hal Richmond called the case and announced to the court that appellant was *845 there on a motion of the public defender. The following proceedings then ensued:
"THE COURT: You have a motion, Mr. Dickinson?
MR. DICKINSON: Yes, Your Honor. We had offered a plea of not guilty at an earlier date. At this time, after having negotiated with the State, we would like to offer a plea of guilty to the lesser included offense of aggravated assault.
THE COURT: Is that what you want to do, Andrews?
THE DEFENDANT: Yes, sir.
THE COURT: You understand that if you plead guilty, then there will not be a trial; you will have no trial by a jury and no opportunity to confront your witnesses, and it's left entirely up to the Judge as to what punishment is to be given and what's to be done about this. And the maximum punishment for aggravated assault is five years in the State Prison. Are you aware of that?
THE DEFENDANT: Yes, sir.
THE COURT: And that is something that will be entirely up to the Judge as to whether to send you to prison or place you on probation or whatever.
THE DEFENDANT: Well, Your Honor, at the present time I'm already serving fifteen years.
THE COURT: What?
THE DEFENDANT: I'm already serving fifteen years.
THE COURT: You're already serving a sentence?
THE DEFENDANT: I've did three years and four months.
THE COURT: Well, what did you do; what do you admit doing?
THE DEFENDANT: Well, we had a fight over at the Vocational Center.
THE COURT: Where?
THE DEFENDANT: Over here at the Vocational Center.
THE COURT: What did you use in your fight?
THE DEFENDANT: He pulled a knife on me and I had a baseball bat.
THE COURT: You had what?
THE DEFENDANT: I had a baseball bat.
THE COURT: A baseball bat?
THE DEFENDANT: Yes, sir.
THE COURT: Are those the facts that you 
MR. RICHMOND: Yes, sir, he used a baseball bat on one of the other inmates.
THE COURT:  inmates of what, Apalachee or where?
MR. RICHMOND: Pardon?
THE COURT: Where was he an inmate?
MR. RICHMOND: He's an inmate over there at Quincy Vocational Center.
THE COURT: All right. Anybody made you any promises to get you to enter this plea?
THE DEFENDANT: No, sir.
THE COURT:  or any threats if you didn't?
THE DEFENDANT: No, sir.
THE COURT: Are you doing this freely and voluntarily?
THE DEFENDANT: Yes, sir.
THE COURT: Are you satisfied with the lawyer you had?
THE DEFENDANT: Yes, sir.
THE COURT: All right. I'll accept it and refer it for presentence investigation."
As his first point appellant contends that the court committed fundamental error in accepting a plea of guilty to aggravated assault when the information failed to allege the use of a weapon. Appellant correctly points out that aggravated assault is a Category 4 type lesser included offense within the higher offense of assault with intent to commit murder [see Brown v. State, 206 So.2d 377 (Fla. 1968)] because assault with intent to commit murder may or may not involve the use of a deadly weapon. Whether or not aggravated assault is a lesser included offense depends upon whether or not the elements of the offense (in this case use of a deadly weapon) are included in the accusatory pleading and are also shown by the evidence. While the information in this case does not allege use of a deadly weapon, appellant admitted *846 such use (use of a baseball bat) in answer to the court's questions quoted above. Appellant's contention now that he was convicted of a crime for which he was not charged is purely a technical one. It was appellant's attorney who asked that he be allowed to plead guilty to the "lesser included offense of aggravated assault." Thus, if the trial court's acceptance of appellant's plea was error, it was error which was induced by appellant. It would have been very easy at the time for the state to have filed an amended information charging assault with a deadly weapon (aggravated assault). Appellant, as above stated, admitted that he used a baseball bat in the assault. Under these circumstances, we find the error to be harmless rather than fundamental and that appellant cannot take advantage on appeal of an error which he himself induced. See Spadaro v. State, 332 So.2d 110 (Fla. 1 DCA 1976); Castle v. State, 305 So.2d 794 (Fla. 4 DCA 1975); cert. den. 317 So.2d 766 (Fla. 1975); McPhee v. State, 254 So.2d 406 (Fla. 1 DCA 1971).
Appellant contends by his second point that the court erred in accepting his guilty plea without first determining whether appellant was waiving the affirmative defense of self-defense. On the court's inquiry to establish a factual basis for the plea (quoted above) appellant, referring to the victim, stated: "He pulled a knife on me and I had a baseball bat." Appellant's statement that the victim pulled a knife on him would indicate that appellant may have had a valid defense to the charge  self-defense. While before the Supreme Court rendered its opinions in Lyles v. State, 316 So.2d 277 (Fla. 1975), and Williams v. State, 316 So.2d 267 (Fla. 1975), it might have been a valid argument that by entering a negotiated plea defendant waived such a defense, it is now clear under the opinions in Williams and Lyles and the recent opinion in State v. Kendrick, 336 So.2d 353 (Fla. 1976), that the trial court must make a more extensive inquiry into the factual basis than was made in the case sub judice when the record of the guilty plea affirmatively reveals the possibility of a defense. Compare also the recent opinion of the United States Supreme Court in Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).
This cause is remanded to the trial court for the following purposes: (a) to make inquiry of the defendant and his counsel concerning their discussions relative to the defense to the charge; (b) to receive evidence of a factual basis for the plea in the light of the possible defense of self-defense; and (c) to allow the defendant an opportunity to present evidence on his own behalf to show how, if at all, manifest injustice occurred by the acceptance of his plea. The trial court shall thereafter enter such order as it deems appropriate and should such order not vacate the judgment, sentence and guilty plea, appellant shall, within 15 days thereafter, file with this court a supplemental transcript including the proceedings here directed and the order of the trial judge thereon. With the transcript, appellant shall file such further brief as he may desire, and appellee may, within 10 days thereafter, file its further brief.
SMITH, J., concurs.
RAWLS, Acting C.J., dissents.
RAWLS, Acting Chief Judge (dissenting).
Upon the proceedings and facts recited in the majority opinion, I would affirm the judgment of conviction appealed.