MOORE, Judge.
Appellee was charged with the crime of perjury under Section 837.02(1), Florida Statutes (1977) as the result of testimony given on deposition in a civil trial. Pursuant to Fla.R.Crim.P. 3.190(c)(4) the defendant filed a motion to dismiss the information on the basis that the defendant had recanted the alleged false statement. The trial court granted the motion to dismiss and the State appeals that order. We disagree with the trial court and reverse.
One Carrie Brunson was allegedly injured in an automobile accident on June 20, 1975. She was treated by the appellee, T. R. Carter, a chiropractic physician, for injuries allegedly sustained as a result of that accident. Brunson filed suit to recover for her alleged injuries and during the course of pre-trial discovery appellee’s deposition was taken by the defense. After being placed under oath Dr. Carter was asked, inter alia, whether or not he had ever seen Brunson prior to the accident of June 20, 1975. To *1250 this he responded in the negative. Subsequently, and upon prompting by the defense attorney who indicated he had reason to believe that the doctor had treated Brun-son on prior occasions, the doctor agreed to check his records for additional files. On the following day the doctor directed a letter to the attorney in which he stated, “Enclosed is copy of medical information on the above patient. If I may be of further assistance, please feel free to contact me at any time.” The medical information enclosed with that letter indicated 79 visits by Brunson to Dr. Carter’s office between June 6, 1974 and January 17, 1975. Based upon this information the state attorney formally accused appellee of the crime of perjury.
In dismissing the information for perjury, the trial court relied upon the doctrine of recantation as established in Brannen v. State, 94 Fla. 656, 114 So. 429 (1927). In Brannen, the evidence established that the accused had been a witness in a criminal trial and voluntarily requested the court to allow him to resume the witness stand to correct his previous testimony regarding a material matter in the criminal trial. He did so before the State had offered any contradictory evidence and before he knew that the State had any such evidence. In reversing the perjury conviction the court quoted from People v. Gillette, 126 App.Div. 665, 111 N.Y.S. 133 as follows:
“ ‘A judicial investigation or trial has for its sole object the ascertainment of the truth, that justice may be done. It holds out every inducement to a witness to tell the truth by inflicting severe penalties upon those who do not. This inducement would be destroyed if a witness could not correct a false statement except by running the risk of being indicted and convicted for perjury.’ ”
We agree with this basic concept of the underlying reasons for establishment of the recantation doctrine. Our system of justice cannot endure perjurious testimony and individuals should be encouraged to voluntarily make corrective statements. Nevertheless, perjury is complete upon the willful false swearing to any material matter. Recantation is a defense to an allegation of perjury only where there is an ac-knowledgement of the falsity of the original sworn statement, a voluntary retraction of that statement, and a new statement which discloses the true facts. It is not a viable defense where the perjured testimony has substantially affected the proceeding or it has become manifest that such falsity has been or will be exposed. Otherwise, one could rest on his lie, allowing it to substantially affect a proceeding, and never retract unless the falsity had been exposed. This would provide no inducement or encouragement to tell the truth.
In the instant case the appellee testified that he had not seen the patient on any prior occasion. This testimony was given under oath and was directed to a material matter in litigation. Under the facts of this case we feel that whether or not there was an acknowledgement of the falsity and a voluntary retraction before the falsity had been exposed were questions of fact for the jury. These facts are more akin to those in Sherman v. State, 135 Fla. 243, 184 So. 843 (1938) where the defendant’s conviction for perjury was affirmed. There, after giving false testimony the defendant did not retract until the truth had become known and the false testimony would no longer serve his purpose.
It is our opinion that the State properly charged the appellee with perjury and the order granting the motion to dismiss the information was in error. The order dismissing the information is therefore reversed and this cause remanded for reinstatement of the information and further proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
CROSS, J., dissents, with opinion.