ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
Appellant contends that this court overlooked or misapprehended the conflict between this case and Brannen v. State, 94 Fla. 656, 114 So. 429 (1927), as well as the conflict between Brannen, supra, and State v. Carter, 364 So.2d 1249 (Fla. 4th DCA 1978), cert. granted, Case No. 56,084 (Fla. 1979).
Under Brannen, supra, a person who testifies falsely may purge himself of perjury if he recants and testifies truthfully before the case is submitted to the jury. This is the minority position and is based on the belief that the inducement to tell the *1093 truth would be destroyed if a witness could not correct his own false statements without being subjected to the risks of a perjury charge and conviction. Although Brannen does not specifically require that the recantation be voluntary — done without knowledge that the perjury has been uncovered and the truth known — the requirement is implicit in the rationale underlying the decision. If the recantation is not voluntary, it would be of little use in discovering the truth, since the truth is already known or known to be available through other sources. See Sherman v. State, 184 So.2d 843 (Fla. 1938) wherein the Supreme Court affirmed the perjury conviction noting that the recantation was not voluntary but came only after the truth had been discovered.
Jones did not acknowledge his false testimony and did not decide to recant until he was confronted by the defense attorneys during a court recess. His attempted recantation was motivated more by the fear of a perjury charge than by any concern with having the truth known.
Clearly, under Brannen, supra and Sherman, supra every recantation does not cure the perjury and the circumstances of Jones’ offer to recant were not such that it was error to deny the recantation.
Appellant also asks us to reconsider our decision on Point III, urging that we have failed to appreciate the effect of Hall v. State, 136 Fla. 644, 187 So. 392 (1939) which establishes coercion as a valid defense of perjury. Not so. Nor have we failed to recognize the holdings of State v. Lyles, 316 So.2d 277 (Fla. 1975), and Andrews v. State, 343 So.2d 844 (Fla. 1st DCA 1976).
We have reviewed the record in light of these cases and find the inquiry conducted by the judge sufficient to show that the plea was voluntarily entered.
The motion for rehearing is denied.
MILLS, C. J., and McCORD and BOOTH, JJ.,-concur.