GRIMES, Judge.
Appellant was charged with delivery of cocaine in excess of twenty-eight grams (count I) and conspiracy to traffic in cocaine by delivering an amount in excess of twenty-eight grams (count II). Pursuant to a plea bargain, appellant pled nolo con-tendere. The bargain contemplated a three year sentencing cap and recognized that the judge intended to impose a $50,000 fine. At the request of appellant’s lawyer, the judge stated on the record that he was imposing a $50,000 fine only because he believed that the statute obligated him to do so. Thereafter, on count I, the court sentenced appellant to three years in prison and levied a $50,000 fine. No penalty was imposed for count II.
*541 Appellant now contends that the court was not authorized to levy the $50,000 fine against him. The problem arises from the fact that in charging appellant in count I with delivery of more than twenty-eight grams of cocaine, the information referred to section 893.13, Florida Statutes (1983), rather than section 893.135, Florida Statutes (1983). Conviction of delivering cocaine under section 893.13 carries a maximum fine of $10,000, whereas a conviction of trafficking through the delivery of more than twenty-eight grams of cocaine under section 893.135(l)(b)l. requires a mandatory fine of $50,000.
Under the circumstances of this case, we view the reference to section 893.13 in count I of the information as surplusage because the appellant was not misled to his prejudice. Youngker v. State, 215 So.2d 318 (Fla. 4th DCA 1968). The record reflects that it was evident to all concerned that appellant had been charged with trafficking under count I. The plea bargain was clearly premised upon the sentencing requirements of section 893.135, and the prosecutor laid a factual basis under that statute. Appellant’s lawyer was even debating the mandatory aspect of the imposition of the $50,000 fine as specified in section 893.135(l)(b)l. If there was any doubt that count I sufficiently charged the crime of trafficking, the colloquies at the entry of the plea and sentencing were sufficient to constitute an amendment to the information. Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA), cert. denied, 378 So.2d 348 (Fla.1979).
We affirm but direct that the judgment be amended to reflect a conviction for trafficking under count I.
RYDER, C.J., and CAMPBELL, J., concur.