GLICKSTEIN, Judge.
Jackie Anderson was charged by information with a count of burglary. On October 14, 1986, an amended information was filed. The next day, Anderson expressed the desire to proceed to trial on the original information, indicating he wished to give up the legal right to require the state to refile the original charge in light of the legal effect of the filing of the amended information. The trial court dismissed the amended information and Anderson was tried to a jury, which convicted him of burglary. The court adjudicated him guilty and sentenced him to four and one-half years in prison. He appeals. We reverse and remand on the authority of Wilcox v. State, 248 So.2d 692, 694 (Fla. 4th DCA 1971).
Because of the nature of the single point on appeal, there is no need to summarize the facts. That point is whether appellant’s conviction and sentence must be reversed, because the trial court lacked jurisdiction to try him on the original information after an amended information was put before the court. We conclude it must, following Wilcox.
The essential difference between the original information against appellant and the subsequent amended information was that the original crime charged was a second degree felony, whereas the charge under the amended information would have been a first degree felony. Both charges were burglary, but they were pursuant to different subsections of section 810.02, Florida Statutes. The original information referred to an offense violating section 810.02(3); the amended one, referred to one violating section 810.02(2)(a). The prosecutor spoke at sentencing of the use of inappropriate language in the amended information as the reason for not sticking with that information, but we think he was simply recollecting incorrectly.
That the filing of an amended information has the effect of vitiating the earlier information was the holding in Wilcox. Further, we have recognized that one does not confer jurisdiction of the subject matter by consent, acquiescence or waiver if none exists. Dicaprio v. State, 352 So.2d 78, 79 (Fla. 4th DCA), cert. denied, 353 So.2d 679 (Fla.1977), and Wilds v. Permenter, 228 So.2d 408 (Fla. 4th DCA 1969).
The state argues the doctrine of invited error, contending it was appellant who desired to be tried under the original information, rather than have the trial delayed because of the amended one. His motivation probably was to avoid the risk of conviction of a more serious offense. He either invited the error, or at least did not object. Therefore, contends the state, he should not now be heard to question the propriety of the proceeding. However the state does not respond directly to the lack of jurisdiction argument.
The record of pretrial proceedings held October 15, 1986, shows that Anderson wished to proceed to trial at once on the original information and did not want a continuance so that trial could be held on the amended information. Anderson indicated to the trial court that he was waiving his right to challenge conviction on the original information for failure to refile it after the amended information effectively vitiated it. The trial court explained to Anderson he could not complain about the failure to recognize the usual impact of an amended information, if he waived his right to appeal on that ground.
Wilcox differs from the present case at least in the respect that there the appellant objected to being brought to trial on the original information after the state orally “withdrew” its amended information. Here, appellant at least acquiesced in what may be styled as reinstatements of the original information, if he did not, indeed, sponsor it. In Wilcox the charge in the original information was for having received or aided in the concealment of one specified stolen automobile belonging to one entity; the amended information was for the same type of offense, but referred to an entirely different automobile having a *108 different owner. The appellate court characterized the latter charge as covering a totally different crime from that originally charged. Id. at 693. Another possibly critical question is, then, whether what the state attempted to do here constituted a sufficient change in the information to vitiate the original information.
Wilcox refers to the earlier Florida Supreme Court case of Alvarez v. State, 157 Fla. 254, 25 So.2d 661 (1946). Alvarez recites, inter alia, that, when the amendment to an information is a matter of substance, the information should be signed anew by the prosecutor, sworn to by him, and filed again with the clerk; and there must be a new arraignment, and new opportunity to plead. If already at trial, the jury should be reselected and reswom upon the new issues joined. Id. at 257, 25 So.2d at 663, and authorities cited therein. In Alvarez, the change in the information submitted by the prosecutor and approved by the court concerned the identity of the owner of the property the defendant allegedly had felo-niously broken and entered in order to commit grand larceny. An incorrect owner had been named previously. This amendment was viewed as a material allegation of the information that required all the steps retraced that are recited above, having entirely vitiated the information as originally filed.
The controlling law, according to Alvarez, was then article V, section 28, of the Florida Constitution, which required such a prosecution to be upon information. The harmless error statute was held inapplicable because the defendant’s constitutional rights were affected. In Alvarez, as in Wilcox, the trial proceeded over the defendant’s objection.
Here the change of the information was a substitution of one statutory subsection for another. The verbiage was otherwise the same. However, the degree of the offense was materially affected by the change in statutory reference. Although there was no change in the facts with which the defense would have to deal if the new information were substituted for the old, the assiduousness with which one would need to proceed might be greater, as there would be a more severe penalty upon conviction. The change in the information, though superficially only technical, was in fact material. The result would be that filing of the amended information indeed would ordinarily vitiate the earlier one. Another way of viewing this is to say that the amended information did purport to supersede the prior one.
The Florida Constitution permits trial for criminal offenses only when there has been a presentment, information or indictment (with certain exceptions not here pertinent). See art. I, § 15, Fla. Const. Given that provision of our Declaration of Rights, it follows that no court has jurisdiction to try an offense when the defendant is not charged by a present and valid information in the instance of a crime, such as the present one, which may be charged by information. We can analogize to the case where one was tried on information when the nature of the crime demanded indictment, pursuant to article I, section 15(a), Florida Constitution. In Milliken v. State, 398 So.2d 508 (Fla. 5th DCA 1981), for instance, the appellate court stated trial under an information when there should have been an indictment was void; and the trial court’s jurisdiction to proceed to trial was said to have been “affected” by the defect, such that appellant’s failure to move dismissal of the information was not fatal. In Hunter v. State, 358 So.2d 557 (Fla. 4th DCA 1978), this court likewise rejected any reasoning based on the appellant’s failure to challenge the charging instrument, similarly because the defect of the charging document “affected the very jurisdiction of the circuit court to proceed to trial.” Id. at 558 n. 1.
The dissent has cited the cases summarized below as authorities for affirmance. We think those cases are distinguishable.
Suarez v. State, 95 Fla. 42, 115 So. 519, 521 (1928), stands for the principle that an altered information, which was not refiled as it should be, would stand because the appellant failed to raise objection. The alteration consisted of adding defendants.
*109 Andrews v. State, 343 So.2d 844 (Fla. 1st DCA 1976), stands for denial of an appeal where the appellant pleaded guilty to aggravated assault as a lesser included offense of the crime charged — assault with intent to commit murder. Technically aggravated assault was not a lesser there, because the information mentioned no use of a deadly weapon. The appellant did admit in court that he used a baseball bat. The appellate court’s reasoning was that the error was invited. The appeal was remanded on another ground.
We can see how one might like to analogize the present case to Andrews, but there is a big difference between a plea to a lesser included offense that is not wholly included, and trial under an information that has already been undone by amendment. The heart of the difference is that jurisdiction relates to classes of cases rather than particular legal issues. Thus, the Andrews court cannot be said to have been without jurisdiction; the court here was without jurisdiction because the information under which it was trying the case had been extinguished.
Acton v. State, 457 So.2d 540, 541 (Fla. 2d DCA 1984), is somewhat analogous to Andrews. In Acton the defendant was fined a greater amount under a statute not mentioned in the information than the amount stated in the statute that was mentioned there. It was held that the nolo plea of the appellant was premised on the statute which mandated the larger fine. The charge in the information was delivery of more than 28 grams of cocaine, which is covered by section 893.135 of the statutes, but the information made reference to section 893.13, which concerns a lesser offense and provides for a lesser penalty.
Finally, Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979), concerns a plea of guilty to a battery of a law enforcement officer. The information cited the correct statute but omitted one of the elements of the crime, namely “knowingly.” The appellate court held the state had tacitly amended the information by means of the factual basis it laid, thus setting up the trial court’s subject matter jurisdiction.
We hold here that the principle of invited error does not overcome lack of jurisdiction. The lack of jurisdiction arises from a vital provision of our declaration of rights, and there is no way to waive lack of jurisdiction.
We perceive a difference between trial under an information that inadequately covers the crime of which one ends up convicted, and trial under an extinguished information. It is not sufficient here to read something into the information that literally does not appear; it is necessary somehow to revive the information that had been extinguished.
However, we certify, as a question of great public importance, whether invited error can overcome the fact that technically the information has been extinguished by the filing of an amended information, or whether an information so extinguished can be revived by mutual agreement of the state, the defendant and the court.
DOWNEY, J., concurs.
WALDEN, J., dissents with opinion.