WALDEN, Judge,
dissenting.
This case presents a situation where a defendant convinced the court to allow him to proceed to trial on an original information, rather than trying him on the more serious offense contained in the amended information. The record below reveals that the state filed a valid amended information shortly before trial, thus entitling appellant to a continuance. Instead of electing to delay the matter, appellant chose to proceed to trial on the original information and waive his legal right to require the state to refile the original charge. Appellant indicated he understood that if he were convicted on the original information it would be the same as if it were the pending information in all respects and that he could not later complain that the state had filed an amended information. Based on this understanding, the trial court vacated and set aside the original information. With the consent of the state and defense, the court proceeded on the original information, noting that in all *110 respects the original information was a viable charging document on which appellant would be tried.
As the majority opinion recognizes, “appellant at least acquiesced in what may be styled as reinstatements of the original information, if he did not, indeed, sponsor it.” Since appellant convinced the court to dismiss the perfectly valid amended information, upon appellant’s waiver and understanding that he could not collaterally attack his conviction on these grounds, it would be unfair to now allow appellant to have his conviction invalidated for a technicality on the same grounds, to wit: that the trial court lost jurisdiction by dismissing the amended information.
Appellant’s decision to rely on the original information would more fairly be viewed as the equivalent of implicitly amending the existing information. Florida courts have held that an implicit or tacit amendment does not divest the trial court of jurisdiction. See Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979) (Appellant’s plea of guilty to the crime of battery of a law enforcement officer after the state had properly laid a factual basis, even though the information failed to allege that he “knowingly” struck a law enforcement officer, constituted a tacit amendment of the information to properly charge that offense. Once the information was deemed to have been amended, jurisdiction was no longer a problem, and the judgment could not be collaterally attacked). See also Acton v. State, 457 So.2d 540, 541 (Fla. 2d DCA 1984) (Although an information erroneously charged appellant under section 893.13 rather than section 893.135, appellant’s plea bargain was clearly premised upon the sentencing requirements of section 893.135 and the prosecutor laid a factual basis under that statute. If there was any doubt that the information failed to sufficiently charge the crime, the colloquies at the entry of the plea were sufficient to constitute an amendment to the information).
Moreover, any alleged error in the state’s failure to refile an amended information was waived by appellant’s failure to object timely. Suarez v. State, 95 Fla. 42, 115 So. 519, 521 (1928). Even if the trial court’s acceptance of appellant’s plea was technically error, it was error which was induced by appellant. Andrews v. State, 343 So.2d 844 (Fla. 1st DCA 1976) (Appellant pled guilty to aggravated assault, but the information did not allege use of a deadly weapon. On appeal, appellant complained he was convicted of a crime for which he was not charged. The First District reasoned that appellant’s argument was purely a technical one, since appellant’s attorney had asked that appellant be allowed to plead guilty to the “lesser included offense of aggravated assault.” The First DCA stated that if the trial court’s acceptance of appellant’s plea was error, it was error which was induced by appellant. The court noted that it would have been very easy at the time for the state to have filed an amended information charging aggravated assault. The court concluded that under the circumstances, the error was harmless rather than fundamental, and appellant could not take advantage of an error which he himself induced).
Under the reasoning expressed in the above cases, there does not appear to be an abuse of discretion by the trial court. I would affirm.