## SACHS v STATE OF FLORIDA
### Case No. 87-0019AC
Seventeenth Judicial Circuit, Broward County
October 23, 1990

### APPEARANCES OF COUNSEL

**Fred Goldstein, Esquire,** for appellant.
**Carolyn V. McCann,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

LEROY H. MOE, Circuit Judge.

THIS CAUSE was considered by the Court sitting in its appellate capacity.

The court having considered the transcript of the trial, the briefs of the parties, oral argument of counsel and the applicable law, finds as follows and enters this opinion.

## DISCUSSION OF THE FACTS

The Appellant, Richard Allen Sachs, was arrested on October 9, 1984 after several eyewitnesses saw him expose his genitals while jogging in public.

The Appellant was brought to trial on March 3, 1987. He was accused of having violated *Florida Statute* 877.03, entitled: "Breach of the Peace, Disorderly Conduct."

On the day of trial, the State moved to amend the Information. The original charge alleged "an act which . . . corrupted the public morals or outraged the sense of public decency." The amendment alleged "an act which constituted a breach of the peace or affected the peace and quiet of those who witnessed it." The motion to amend was granted.

A county court jury found the Appellant guilty as charged. Evidence included testimony not only of his behavior on the day of the arrest, but also of similar acts on two previous occasions.

The Appellant was sentenced to six months on probation, a fine and costs. Special conditions of probation included counselling and twenty days in the Broward County Jail.

Notice of Appeal was timely filed. The Appellant raised eight issues on appeal, all of which are discussed in this opinion.

## ISSUE ONE

## CONSTITUTIONALITY OF THE STATUTE

The statute the Appellant was charged with violating was found Constitutional by the Florida Supreme Court in *State v Mages*, 259 So.2d 139 (Fla. 1972) and *Bradshaw v State*, 286 So.2d 4 (Fla. 1973).

Federal Courts considering the constitutionality of this statute have not found the statute as a whole to be unconstitutional. *South Florida Free Beaches v City of Miami*, 548 F.S. 53 (S.D. Fla., 1982) Federal Courts have instead found the statute capable of severance in order to save those sections which are valid. *South Florida Free Beaches, supra,* p. 60.

The part of the statute the Appellant was charged with violating in this case has not been found unconstitutional. Until a court of compe-

14

tent jurisdiction finds that section of the statute this Appellant was charged with violating unconstitutional, this court is obligated to follow the Supreme Court of Florida and find this statute constitutionally valid.

## ISSUE TWO

### SPEEDY TRIAL

This court finds that the Appellant waived his speedy trial rights when he Petitioned for both a Writ of Prohibition and an Order to Show Cause, and was thereafter found to be "unavailable for trial," by Circuit Court Judge Arthur Franza.

The Fourth District Court of Appeals, speaking to this issue, stated:

It would be unreasonable and uneconomic to require the state to proceed to try a case it could well be prohibited from trying . . . [and thus] . . . the [90 day period] stopped running when the Defendant sought a Writ of Prohibition . . . *Erie v Kaney*, 393 So.2d 649, 650-651 (Fla. 4th DCA 1984)

## ISSUE THREE

### WILLIAMS RULE EVIDENCE

An issue at the trial of this case was whether or not the Appellant's exposure while jogging was intentional or a mistake. Evidence was admitted which the State contends was offered to rebut the defense of mistake. The substance of the testimony was that the Appellant exposed his penis while jogging on two other occasions before the incident for which he was charged in this case. (record p. 135)

The testimony was pursuant to and in accordance with *Florida Statute* 90.404, and was therefore admissible in evidence.

## ISSUES FOUR AND FIVE

The next issues raised both deal with the legal sufficiency of the evidence. This court finds and determines that the evidence presented in this case was legally sufficient both to conform to the charge and to deny a Directed Verdict of Acquittal.

### EVIDENCE DOES NOT CONFORM TO THE CHARGE

The defense contends that the evidence introduced in this case does not conform to the charge. The elements of this charge are:

1. identity

2. proof that the behavior in question did in fact constitute some

15

"breach of the peace," or a disturbance to the "quiet of those who witnessed it."

3. intent to commit such act

*(Florida Statute,* section 877.03)

Identity was not raised as an issue at trial. The Appellant's main argument relates to the "breach of the peace" element of the charge. He contends that before one can be convicted of violating the statute, the prohibited behavior must have more of an effect than that of a "mere annoyance." *Gonzales v City of Belle Glade,* 287 So.2d 669 (Fla. 1973).

This court finds there was testimony at the trial on all elements of the charge, particularly when one considers the "totality of the circumstances." (See Gonzales, supra)

In this case, most of the persons who witnessed the Defendant's exposure were minor children. They were bothered enough to relate what they had seen to the nearest adult. (record p. 53, line 9, record, p. 80, line 17) One child testified that she felt "embarrassed," (record p. 64, line 19) and another that she felt "weird" (record p. 80, line 22) after witnessing the Appellant's act. A mother of two who lived in the neighborhood testified that her peace and quiet was affected by the thought of these children seeing the Appellant's acts. The evidence was legally sufficient to prove this element.

The remaining element is the intent of the Appellant. The intent with which an act is done is an operation of the mind and is not always susceptible to proof by extrinsic evidence. All persons are held responsible under the law for the natural and foreseeable consequences of their intentional acts. Again considering the totality of the circumstances, this court finds the evidence was legally sufficient to prove this element.

## DIRECTED VERDICT

After reading and carefully considering the transcript of the trial, this court finds that the state introduced testimony and evidence as to each of the elements of the crime before it rested its case. Therefore, the trial judge correctly denied the Appellant's Motion for Directed Verdict of Acquittal.

### ISSUE SIX

## AMENDMENT THE DAY OF TRIAL

On the day of trial, the State moved to amend the Information from alleging an act that "corrupted the public morals or outraged a sense

16

of public decency . . ." to acts which "constituted a breach of the peace or affected the peace and quiet of persons who witnessed it . . ."

The Appellant objected to the court's allowance of the amendment as it was really a change of substance and as such the State had to meet certain procedural criteria before proceeding to trial on the "new" charge. The trial court judge agreed with the State that the amendment was no more than a change in form and therefore allowed the trial to proceed.

The law is clear that when an Information is amended as a matter of substance, the Information must be re-sworn and re-signed and the Defendant is entitled to be re-arraigned. *Alvarez v State*, 25 So.2d 661 (1946). These requirements are not necessary when the amendment is merely one of technicality or form and not substance.

This court finds that the amendment was one of form alone and that the Appellant was not surprised nor prejudiced by the amendment.

The Appellant relies on *Anderson v State*, 526 So.2d 106 (4th DCA 1988) to bolster his argument; however, the amendment in *Anderson* changed not only the charge, but the penalty as well. Mr. Sachs was at all times on notice of the statute he was charged with and the penalty he was facing. His defense did not substantially change merely because a different subsection of the same statute was charged.

Amending the Information by changing one part of a paragraph in a single section to another in that same section just does not, in this case, constitute a change in substance. The trial court did not err in allowing the amendment on the day of trial.

### ISSUE SEVEN

### PROHIBITED STATEMENTS OF THE PROSECUTOR AND WITNESSES

At trial, an objection was made questioning the admissibility of testimony that the Appellant had been seen on "several occasions" doing similar acts of exposure. (record p. 133-134). This similar act testimony was claimed to be outside the scope of the "permissible William's Rule evidence" previously admitted.

The trial judge sustained the objection, but failed to give a curative instruction. He based his decision on the fact that:

. . . the jury already knows there are three different incidents that were testified to . . . (record p. 135-135).

After careful consideration of the testimony this court finds that the testimony including that of Julie Bedard, was harmless and does not

**17**

tend to persuade the jury to infer any additional instances of bad conduct other than those legally admitted into evidence.

## ISSUE EIGHT

### THE SENTENCE

The last issue on appeal is the claim that the sentence given to the Appellant is harsh and inappropriate because of the Appellant's standing in the community and the failure of the sentencing judge to hear any evidence or take into consideration any mitigating factors before sentence was imposed.

A sentence "within statutory limits" is not usually open to review unless the court has become all but a rubber stamp, consistently imposing the maximum sentence without regard to each individual defendant. *United States v Clement,* 634 F.2d 183 (1981). This rule does not apply in this case. While a pre-sentence investigation and a evidentiary hearing would certainly negate any finding of predisposition toward a certain sentence, the fact that they were lacking in this case does not automatically *create* the disposition that the Appellant believes existed.

*Florida Rule of Criminal Procedure,* 931.231 states that for misdemeanor offenses it is WITHIN THE COURTS DISCRETION (emphasis added) and not mandatory for a court to order a pre-sentence investigation. Furthermore, while an inquiry into the Appellant's prior criminal history would have been reasonable, consideration of a defendant's prior record is part and parcel of this same statutory section and thus seems as well to fall within the Court's discretion. *Florida Rules of Criminal Procedure,* section 921.231(1)(j).

The sentence imposed on the Defendant, consisting of a fine, costs, and probation with the special conditions of counselling and 20 days in jail, is lawful under the statute. *Florida Statutes,* 775.082 and 775.083. If the sentence is within the lawful limits, it is not subject to reversal on Appeal. *Gibbs v Wainwright,* 303 So.2d 7 (Fla. 1974).

The trial judge, who had the benefit of the parties before him, the opportunity to judge the demeanor of each witness, and time to observe the Defendant, is in a better position to impose sentence than an Appellate Court. The Appellant can move the court for an order mitigating the sentence.

For the reasons stated in this opinion, the conviction, judgment and sentence of the trial court are AFFIRMED.

DONE AND ORDERED this 23rd day of October, 1990.