GROSS, J.
The issue in this case is whether criminal defendants charged as principals in the perjury of another are entitled to the benefits of the defense contained at section 837.07, Florida Statutes (Supp.1990), when the actual perjurer recants his testimony. We hold that the statutory defense applies to such defendants and affirm the order of dismissal entered by the circuit court.
Appellees Mark Marks and Carl Borgan were attorneys accused of multiple counts of perjury. The state charged appellees as principals to the perjury of their client, Howard Drinks. As to all counts, the state alleged that Marks and Borgan “aided, abetted, and counseled” them client to make false statements under oath in a discovery deposition in a personal injury case. At a later deposition in the same personal injury case, Drinks recanted the perjurious statements. The perjury had no effect on the underlying personal injury case.
*251 Marks and Borgan filed motions to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The state’s traverse disputed the motion’s legal conclusion that the recantation inured to ap-pellees’ benefit. The trial court granted the motions to dismiss, concluding that because there was no offense of perjury-due to the recantation, the appellees could not be charged with aiding and abetting a nonexistent offense. The state appeals...
The defendants were charged with violating section 837.02(1), Florida Statutes (1989). That statute stated: “Whoever makes a false statement, which he does not believe to be true, under oath in an official proceeding in regard to any material matter shall be guilty of a felony of the third degree.... ” The state charged Marks and Borgan as principals under section 777.011, Florida Statutes (1989). That statute treats those who aid, abet, or counsel another to commit a crime the same as if they had committed the crime themselves.
Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he is or is not actually or constructively present at the commission of such offense.
Id.; see also Potts v. State, 430 So.2d 900, 902 (Fla.1982).
In 1990, the legislature passed section 837.07, which provided for recantation as a defense to perjury:
Recantation shall be a defense to any prosecution for perjury or false statement only if the person making the false statement admits such statement to be false in the shme continuous proceeding or matter, and:
(1) The false statement has not substantially affected the proceeding; or
(2) Such admission is made before it has become manifest that such false statement has been or will be exposed.
(Emphasis added). Section 837.07 makes the defense applicable to “any” prosecution for perjury. The rule of lenity requires this statute to be construed “most favorably to the accused.” § 775.021, Fla. Stat. (1989). The term “any,” when used in a statute is “all-inclusive” and unambiguous. See Clark v. State, 790 So.2d 1030, 1032 (Fla.2001) (stating that “the term ‘any defendant’ in the Act is ‘all-inclusive [and] require[es] no statutory interpretation.’ ”) (quoting Young v. State, 719 So.2d 1010, 1011 (Fla. 4th DCA 1998) (citing Auto Owners Ins. Co. v. Conquest, 658 So.2d 928, 929 (Fla.1995))). Under these rules of construction, “any'prosecution for perjury” includes prosecutions for perjury by way of the “principals” statute, section 777.011. Therefore, Drinks’s recantation precludes the perjury charges in this case.
This interpretation of section 837.07 is consistent with the application of the defense prior to the enactment of the statute. Florida’s common law held that recantation was a defense to perjury, even when it became “manifest that such falsity [had] been or [would] be exposed.” Carter v. State, 384 So.2d 1255, 1257 (Fla.1980); see also Brannen v. State, 94 Fla. 656, 114 So. 429, 431 (1927). Carter was a case where the defendant chiropractor was a plaintiffs witness in a personal injury case. The day after his deposition, he wrote the defense attorney a letter correcting his deposition testimony. The state charged the chiropractor with perjury, based on his deposition testimony. The supreme court held that the recantation in the letter was a defense to perjury, even though the recantation came after the prospect that the *252 false testimony would be revealed by the defense attorney. The supreme court wrote:
Dr. Carter corrected the facts he had related in his deposition promptly and voluntarily. He gained nothing from the false statement made. No one was prejudiced by his false statement and the proceedings were not affected thereby. His subsequent testimony was consistent with the recanted version. Under these circumstances, the fear of being caught should not vitiate the defense of recantation.
Carter, 384 So.2d at 1257-58 (footnote omitted).
If anything, section 837.07 is an expansion of the common law defense. The statutory defense operates when either “[t]he false statement has not substantially affected the proceeding” or when “[s]uch admission is made before it has become manifest that such false statement has been or will be exposed.” § 837.07(1), (2). CaHer appears to have required that the underlying proceedings not be affected for the defense to be operative. Section 837.07 allows the recantation defense even where the underlying proceeding has been “substantially affected,” as long as the admission came before exposure or threat of exposure of the perjury.
The effect of a valid recantation under section 837.07 is the same as that under the common law defense. Carter expressly adopted Judge Cross’s dissenting opinion in State v. Carter, 364 So.2d 1249, 1250 (Fla. 4th DCA 1978), which indicated that when a recantation is effective, “then the offense of perjury has not been committed.” Carter, 384 So.2d at 1258. Florida has rejected the view that the crime of perjury is complete when the false statement is made. See United States v. Norris, 300 U.S. 564, 574-75, 57 S.Ct. 535, 81 L.Ed. 808 (1937) (citing Brannen).
We also reject the state’s argument that the trial court’s dismissal of the perjury charges was erroneous because the defendants could still have been convicted of solicitation of perjury as a lesser included offense of the crimes charged. The information did not charge solicitation under section 777.04(2), Florida Statutes (1989). The issue of whether solicitation was a lesser included offense in this case was not preserved for appeal; the prosecutor did not raise the argument in the circuit court. See § 924.051(1)(b), (3), Fla. Stat. (2002). There is no fundamental error. In a non-capital case, the failure to instruct the jury of even a necessarily lesser included offense is not fundamental' error. Jones v. State, 484 So.2d 577, 579 (Fla.1986). A different result cannot apply here. If the state sought a conviction under the solicitation statute, the state had the obligation to disclose that theory of prosecution at the time the trial court was considering the motion to dismiss in order to preserve the issue for appeal.
AFFIRMED.
STONE, J., and STERN, KENNETH D., Associate Judge, concur.