**ALVARO ALVAREZ, SAM FERLITA and DOMINGO DIAZ, v. STATE OF FLORIDA.**

25 So. (2nd) 661                                  January Term, 1946
April 5, 1946                                            En Banc
Rehearing denied May 3, 1946

*T. B. Castaglia, Albert D'Arpa* and *William C. Pierce,* for appellants.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

The appeal brings for review judgment of conviction of the offense of unlawfully and feloniously breaking and entering a certain building, the property of another, with intent to commit a felony, to-wit: grand larceny.

The information as originally amended charged that the building entered was the property of Harold McGucken. Mo-

tion was made to quash this information on certain grounds which we shall not discuss in this opinion. After motion to quash was over-ruled the defendant pleaded not guilty and was put on trial. Assistant County solicitors were representing the State in this prosecution. After the jury was sworn and some testimony was taken it developed that the building entered was not the property of Harold McGucken but was the property of McGucken Liquor Stores, Inc., a corporation. When this fact was discovered the assistant county solicitors moved the court to allow the assistant solicitor to amend the information by striking out the name of the alleged owner wherever it appeared in the information and inserting in lieu thereof McGucken Liquor Stores, Inc., a corporation. The motion was granted and the amendment was made over objection of the defendant and the trial proceeded over objection of the defendant on the information as thus amended.

The information as amended was not resworn to by the County Solicitor and was not refiled in the court, nor was the defendant rearraigned.

Conviction was held on the information as amended by the assistant county solicitor. On the basis of this action appellant presents the following question:

"After a defendant has been arraigned upon information, entered plea of not guilty thereto, a jury selected and sworn to try the issues so joined and the State has entered upon proof of its case is it proper for the trial court, over objection, to permit the assistant County Solicitor to alter and amend the information in open court and in the middle of a trial in a matter of substance, where such amended information is not further signed nor sworn to nor the defendant rearraigned nor the jury re-sworn or re-selected and the county solicitor himself is not even in court and has no knowledge thereof?"

Section 28, Article V of our Constitution provides, inter alia:

"Indictment and information.—All offenses triable in said court shall be prosecuted upon information under oath to be filed by the prosecuting attorney, . . . "

See also Section 10, Declaration of Rights.

That allegations of ownership of property in cases charging breaking and entering and in cases charging grand larceny, are material allegations and constitute matters of substance is settled beyond question in this State. See Lopez v. State, 106 Fla. 361, 143 So. 303; Findley v. State, 124 Fla. 447, 168 So. 544; Byrd v. State, 146 Fla. 686, 1 So. (2nd) 623.

In the Lopez case we held that the information must state the name of such owner with accuracy. It is also well settled that if an information be amended in a matter of substance such information should be resigned by the county solicitor, resworn to by him and refiled with the Clerk and that the defendant should be rearraigned, should replead and the jury should be reselected and resworn upon the new issues joined. Suarez v. State, 95 Fla. 42, 115 So. 519; Tootle v. State, 100 Fla. 1248, 130 So. 912; Fekany v State, 111 Fla. 598, 149 So. 590, State ex rel. Wentworth v. Coleman, 121 Fla. 13, 163 So. 315.

It is the contention of the State that amendments such as is here involved are lawfully authorized under the provisions of sub-paragraph 5 of Sec. 906.08 Fla. Statutes, 1941 (same FSA) which is as follows:

"(5) If in the course of the trial the true name of any person, group or association of persons, of corporation, described otherwise than by the true name, is disclosed by the evidence, the court shall cause the true name to be inserted in the indictment, information, bill of particulars and record wherever the name appears otherwise."

We do not so construe this statutory provision. This provision applies, if it may apply at all, to cases where the true name of the alleged owner has not been accurately stated and not to cases where the name of the *true owner* has been erroneously stated. The name of the true owner, as stated above, is a material allegation of the information.

If the State had proceeded with the trial on the information a conviction could not have been sustained. See Lopez v. State, supra, and cases there cited.

There is some contention made that our harmless error statute, being Sec. 54.23 Fla. Statutes of 1941, (same FSA)

should be applied here. This contention is not tenable because to apply it in cases of this sort would be to allow the statute to take precedence over the provisions of the Constitution (Sec. 28, Art. V).

When this information was amended by the assistant county solicitor so as to change a material allegation (even though he had the consent of the trial court) that constituted an amendment which entirely vitiated the information and when the trial was proceeded with under the information as so amended the constitutional rights of the defendant were violated in that he was being tried on a purported information which did not comply with the requirements of the Constitution and the defendant was thereby denied due process of law.

Other questions are presented which we do not discuss because, having arrived at the conclusion that the judgment must be reversed for the reasons heretofore stated, it is unnecessary to go into the other matters.

Judgment reversed.

TERRELL, J., concurs specially.

BROWN, THOMAS and SEBRING, JJ., concur.

CHAPMAN, C. J., and ADAMS, J., dissents.

TERRELL, J., concurring specially:

I agree to opinion of Mr. Justice BUFORD but express no opinion as to whether or not this information constitutes former jeopardy.