THOMAS, Justice.
The appellant was tried for having broken and entered a certain building, the property of “Sterchi Brothers, Inc., a corporation,” with intent to commit grand larceny. After all testimony had been introduced, and while the appellant’s attorney was making his closing argument to the jury, the judge permitted the Assistant County Solicitor to amend the information by inserting after the word “Brothers” the word “Stores” so that the information as amended charged the breaking and entering of a building of “Sterchi Brothers Stores, Inc., a corporation * *
The judge stated quite frankly that but for the statute, Sec. 906.08(5), Florida Statutes 1953, and F.S.A., he would not allow the amendment but he construed the law as directing the court to “cause the true name to be inserted in the * * * information * * * if in the course of the trial a description other than by the true name is disclosed.” We have quoted from the comment he made when the argument of counsel on the propriety of the amendment was in progress.
The motion of the solicitor had been prompted by the statement of appellant’s attorney to the jury that there was a fatal variance between the allegation of ownership by Sterchi Brothers, Inc., and the proof of ownership in Sterchi Brothers Stores, Inc.
The pertinent statute provides that “[i]f in the course of the trial the true name of any * * * corporation, described otherwise than by the' true name, is disclosed by the evidence, the court shall cause the true name to he inserted in the * * * information * * * wherever the name appears otherwise.” (Italics supplied.)
The judge considered that the belated request for permission to amend was made “in the course of the trial” but we have difficulty agreeing that such a broad construction could be given these words in the circumstances surrounding the ruling. The amendment, which affected a material allegation of the information, was allowed after the taking of testimony was concluded. When the judge announced his ruling that the error could be corrected at this late period, the attorney for the appellant asked for a mistrial or a continuance and his requests were denied.
We held in Alvarez v. State, 157 Fla. 254, 25 So.2d 661, that the name of the owner of property alleged to have been broken and entered must be stated with accuracy and, further, that an amendment in a matter of substance, — we interpolate that the statement of ownership is a matter of substance — makes it necessary for the information to be reverified, re-signed and re-filed. None of these acts was performed in this case.
Moreover, the revision of the name of the owner, a corporation, should in our opinion be classified as the erroneous statement of the name of the true owner, instead of an inaccurate statement of the true name of the owner, a distinction recognized in the cited case.
We conclude that on the authority of the cited case, a new trial must be awarded, and the judgment must be and it is—
Reversed.
DREW, C. J., and TERRELL, HOB-SON, and THORNAL, JJ., concur.
ROBERTS and O’CONNELL, JJ., dissent.