190 So.2d 811 (1966)
Augustus JOHNSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 210.
District Court of Appeal of Florida. Fourth District.
September 23, 1966.
Rehearing Denied November 3, 1966.
*812 C.R. McDonald, Jr., Ft. Pierce, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
WALDEN, Judge.
Defendant, Augustus Johnson, Jr., was tried and convicted of the crime of being interested in and connected with a lottery. Several points are presented by him for appellate consideration. Our critique reveals no reversible error, and thus we affirm. However, two of the points raised merit discussion.
Defendant assails the information. He claims that it was void because the state made an unauthorized amendment. Indeed, the state did amend on matters of substance without authorization. This was accomplished by the filing of a new document, complete upon its face, entitled "Amended Information" on October 20, 1964. This new, or amended, information was duly signed and sworn to by the state attorney. It was newly filed with the clerk. We note that, following its filing, the defendant invoked the usual pre-trial motions, including a motion to quash directed to the amended information. His motion made no mention or complaint about the fact that the amended information had been filed or that it contained any new or different charge from that found in the original. Trial on the amended information was conducted on April 5, 1965. Defendant nowhere shows or claims that he was surprised, embarrassed or prejudiced by this amendment.
Remembering that we are concerned with an information and not an indictment where stricter rules obtain, we hold that the filing of the amended information under the mentioned circumstances did not constitute reversible error and, further, that any right owned by the defendant to make objection will be deemed waived where he failed to include such objection and raise it for the court's attention in his motion to quash, but instead waited until after judgment. Suarez v. State, 1928, 95 Fla. 42, 115 So. 519; see also: Tootle v. State, 1930, 100 Fla. 1248, 130 So. 912; Fekany v. State, 1933, 111 Fla. 598, 149 So. 590; see generally 42 C.J.S. Indictments and Informations § 310; 12 F.L.P., Indictments, Informations and Presentments, § 14.
It is to be recognized with caution that not all amendments of an information can be sanctioned. For instance, and by way of contrast, an amendment as to substance coming during the course of trial should not be permitted because of the prejudice to a defendant that would necessarily result. An accused person has a legal right to be placed on notice as to that with which he is charged and is entitled to time and an opportunity to chart a defense and to protect himself against double jeopardy. These rights, we believe, would be infringed by the just-mentioned procedure. In other words, an unauthorized amendment as to matters of substance will vitiate an information when its effect would prejudice a legal right of the defendant. Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661; Sipos v. State, Fla. 1956, 90 So.2d 113.
Defendant filed a motion to produce and asked the court to require the state "to furnish the defendant with any statements he may have made as provided by the laws of Florida." According to the record, by which we are bound, it does not appear that this motion was ever presented to court or an order obtained thereon. The statute with which we are concerned is F.S.A. § 925.05, which provides:
"925.05 Statements or confessions; availability to defendant.  Where a person is charged with an offense, upon motion of such person, at any time after the filing of the indictment or information against him, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph written or recorded statements or confessions whether signed or unsigned by the *813 defendant. The order shall specify the time, place and manner of making the inspection and of taking copies, or photographs, and may prescribe such terms and conditions as are just."
Its terms so clearly reflect a legislative intent that its requirements become operative only by order of court that it pretermits argument. Thus we hold, with reference to this point, that the defendant cannot be heard to complain about an alleged failure on the part of the state to furnish him with a statement when he omits to activate the terms of the statute by presenting the matter to the court and obtaining an order thereon. Accord, Belger v. State, Fla.App. 1965, 171 So.2d 574.
Having examined altogether into defendant's points, the judgment appealed is affirmed.
SMITH, C.J., and FUSSELL, CARROLL W., Associate Judge, concur.