PEARSON, Judge.
Appellant and another man broke and entered a residence in the nighttime. They were masked, and appellant’s companion was armed with a pistol.
The appellant came to trial upon a two-count information. Count one charged him with breaking and entering a dwelling house with intent to commit a felony there *715 in; to wit: robbery. Count two charged him with attempted robbery. At the conclusion of the State’s case the appellant moved for a directed verdict. The trial court directed a verdict on the second count and at the same time announced:
“ * * * I will reduce Count I from assaulting persons lawfully therein, to breaking and entering a dwelling house with intent to commit a felony, and deny the motion other than that.”
No objection or comment was made by the attorney for the appellant. At the conclusion of the non-jury trial the appellant was found guilty of breaking and entering a dwelling house with intent to commit a felony therein; to wit: grand larceny. Appellant argues that because, when it reduced count one, the court failed to specify grand larceny as the felony he intended to commit, he was not advised of the charge against him. Appellant relies upon Alvarez v. State, 157 Fla. 254, 25 So.2d 661 (1946).
The record does not support appellant’s position. It is clear that the charge of which he was found guilty was a lesser included offense[1] in the charge upon which he went to trial. See Johnson v. State, Fla.App.1966, 188 So.2d 61. The appellant has failed to show that any error which the trial court might have committed was prejudicial error. The appellant was fully advised at all times of the particulars of the charge against him. This case is distinguishable from Alvarez v. State, supra. That case held it a denial of due process to permit the County Solicitor over objection to amend the information so as to change a material allegation after the jury was sworn and some testimony taken. There was neither an amending nor an attempted amending in the case before us. The court simply reduced the charge to a less serious included offense. The information was sufficient; it neither misled nor prejudiced the appellant.
The appellant was represented in this court by the Public Defender, who filed a brief in his behalf. Thereafter, appellant received permission of the court to employ private counsel, who filed additional assignments of error and a supplemental brief. The points discussed above were raised in the supplemental brief. An additional point in the supplemental brief questions the sufficiency of the evidence to support the conviction. This point was also presented in the brief of the Public Defender. We have reviewed the record and find the evidence sufficient.
The last points assigned by the Public Defender as error are:
(a) “The lower court erred in denying the defendant and/or his attorney the right to present a closing argument at the close of all the evidence; which denial was in violation of Section Eleven of the Declaration of Rights of the Florida Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.”
(b) “The lower court erred in not adhering to the procedure set forth in Florida Statute 921.07; namely, the court erred in not asking the defendant whether he had any cause to show why sentence should not be pronounced.”
We shall not review these assignments of error because of a holding by the Supreme Court of Florida in a case [2] legally analogous to the case bejore us.
Jones was convicted of first degree murder and appealed to the district court, which ruled that the verdict could not stand because of improper comments made by the State Attorney regarding Jones’s failure to testify. In quashing the opinion of the *716 district court the Supreme Court of Florida stated:
“It has been suggested that some courts today seem to be preoccupied primarily in carefully assuring that the criminal has all his rights while at the same time giving little concern to the victim. Upon the shoulders of our courts rests the obligation to recognize and maintain a middleground which will secure to the defendant on trial the rights afforded him by law without sacrificing protection of society. As Mr. Justice Cardozo explained in Snyder v. Commonwealth of Mass., 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, 687:
‘But justice though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true.’
“The Court now recants the statement of the exception upon which respondent relies and henceforth will review challenged argument of prosecutors only when an objection is timely made.” State v. Jones, Fla. 1967, 204 So.2d 515, 519.
In the present case the appellant moved for a directed verdict at the close of all the evidence. The record on appeal discloses the procedure the trial court then followed:
“THE COURT: I will deny the motion, adjudge the defendant guilty on Count I, having been reduced to breaking and entering a dwelling with intent to commit a felony, to-wit: Grand Larceny.
“I am going to sentence the Defendant 'to eight years in the State Penitentiary.”
The appellant raised no objection to the trial court’s procedure; therefore, we shall not review the last two points assigned as error because of the holding in State v. Jones, supra.
Having found no reversible error, we affirm the judgment appealed.
Affirmed.

. See the exposition on lesser included offenses in Brown v. State, Fla.1968, 206 So.2d 377.

. State v. Jones, Fla.1967, 204 So.2d 616.