248 So.2d 692 (1971)
James WILCOX, Appellant,
v.
STATE of Florida, Appellee.
No. 70-487.
District Court of Appeal of Florida, Fourth District.
June 7, 1971.
*693 Ray Sandstrom, of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Rodney Durrance, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
The defendant, James Wilcox, appeals from a judgment and sentence of the Court of Record for Broward County, Florida.
The defendant was charged by an information filed in that court on 7 March 1969 with having received or aided in the concealment of certain stolen property described as a 1968 Cadillac Eldorado, ID # H8143028 which belonged to the Ft. Lauderdale Lincoln-Mercury Company.
On 18 August 1969 the state filed a motion to amend the information. An order was entered on or about 20 August 1969 granting the state's motion. The amended information was apparently filed on 18 August 1969. It charged the defendant with having received or aided in the concealment of stolen property described as a 1968 Four-door Sedan DeVille, ID # B8152200, belonging to Slaton Rent-A-Car Company. A comparison of the amended information with the original indicates that the amended information charges a totally different crime than that charged in the original information.
After the amended information was filed, the state evidently made an oral motion for leave to "withdraw" the amended information. An order appears in the record signed by the trial judge on 5 January 1970 in which the trial court, "* * * adjudged that the amended information filed in this cause on August 15, 1969, be, and the same is hereby withdrawn. * * *" The matter was called for trial on 25 May 1970. Before any testimony was taken, the defendant made an objection to being brought on for trial on the original information. The trial judge overruled the objection and the defendant was tried and found guilty of the charge contained in the original information. He was adjudicated and sentenced to a term of five years and appeals from the adjudication and sentence.
The primary issue presented by the defendant is whether or not the trial court erred in permitting the county solicitor to proceed to trial on the original information, after the same had been amended and *694 the amended information had been withdrawn. The other issues presented by the defendant are rendered moot by our decision on the first issue.
The validity of the procedure by which the amended information was filed is obviously subject to question, but not by the state where it moved for and secured leave of court to file the amended information. See Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661; Rule 1.140(j), CrPR, 33 F.S.A., and Article I § 15(a), Florida Constitution, 1968, F.S.A. Because the state is in no position to assert the invalidity of the amended information, we will treat it as valid for purposes of resolving the question presented.
The filing of an amended information which purports to be a complete restatement of an offense has the effect of vitiating the original information as fully as though it had been formally dismissed by order of court. See Alvarez v. State, supra, and Armstrong v. United States, 9 Cir.1926, 16 F.2d 62. Consequently when the state announced its intent to abandon the amended information and secured an order permitting same, the state was left without a charge against the defendant, and the trial court erred in requiring the defendant to proceed to trial without the filing of a new information and compliance with all procedural steps that would be pertinent to an original information.
We cannot sanction the procedure that was here followed as harmless error. Aside from the theoretical difficulty in holding that the withdrawal of the amended information "revives" the original information, the procedure here employed contains a serious potential for the imposition of surprise and the consequent denial of a fair trial.
The sentence is vacated and the judgment is reversed.
CROSS, C.J., and WALDEN, J., concur.