WALDEN, Judge.
Defendant was convicted and sentenced for violation of F.S. 831.02, F.S.A., Laws of 1969, this outlining the offense of uttering a forged instrument. We reverse and remand.
The appellate point as correctly framed by the defendant is:
“After a defendant has been arraigned upon an information, entered a plea of not guilty thereto, and a jury selected and sworn to try the issues so joined, is it proper for the trial court, over objection, to permit the assistant county solicitor to alter and amend the information in open court during the trial, regarding a matter of substance, where the amended information is not re-signed by the county solicitor, nor re-sworn, nor the jury re-selected nor re-sworn?”
It appears that the information filed against the defendant charged him with violating F.S. 831.06, F.S.A., which delineates the offense concerning the fictitious signature of an officer of a corporation. An examination of the information indicates that it was loosely and indefinitely worded and combined features of the two mentioned statutes. In the voir dire the prosecutor misstated on several occasions that the case involved the uttering of a forged instrument, F.S. 831.02, F.S.A., Laws of 1969. After the jury was accepted and sworn the state was allowed to amend the information over the defendant’s objection to charge the offense contained in F.S. 831.02, F.S.A., and eliminate the reference to F.S. 831.06, F.S. A. We believe this was a matter of substance which constituted prejudicial error because of its potential for surprise which would infringe upon the defendant’s right of a fair trial. We reverse upon authority of Wilcox v. State, Fla.App.1971, 248 So.2d 692; Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661, and Lawson v. State, Fla.App.1971, 251 So.2d 683, and direct that defendant be afforded a new trial upon the information as amended.
Reversed and remanded.
OWEN, J., and BEASLEY, THOMAS D., Associate Judge, concur.