326 So.2d 220 (1976)
Lewis Joseph LACKOS, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1320.
District Court of Appeal of Florida, Second District.
February 4, 1976.
Jack O. Johnson, Public Defender, Bartow, and Ellen Condon, Asst. Public Defender, Tampa, and Wayne Chalu, Legal Intern, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was convicted of buying, receiving or aiding in the concealment of stolen property. There was ample evidence to support the judgment. The issue which prompts our concern is whether the court erred in permitting the state to amend its information during the course of the trial.
In the information, the owner of the property was specified to be Remington Electric Razors, Incorporated. During the state's case, the local manager of the company from which the electric razors had been stolen testified that the correct corporate name of the firm at the time of this incident was Remington Electric Shavers, a Division of Sperry Rand Corporation. At this point, the state moved to amend its *221 information to set forth the correct corporate name. Upon objection, the court offered to continue the trial for as long as reasonably necessary for the appellant to seek to obtain evidence to indicate that he would be prejudiced by the amendment. Appellant's counsel asserted that prejudice was beside the point and declined the offer of continuance. Thereupon, the state was permitted to amend, and the appellant was subsequently convicted.
In Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661, the information charged the defendant with breaking and entering a building owned by Harold McGucken with intent to commit a felony, to wit: grand larceny. In the middle of the trial, it developed that the building was actually owned by McGucken Liquor Stores, Inc., a corporation. Over the defendant's objection, the court permitted the state to amend its information by striking out the name of the alleged owner and inserting in lieu thereof the proper name. This was held to be reversible error by the Supreme Court. The Supreme Court followed Alvarez in Sipos v. State, Fla. 1956, 90 So.2d 113, when it held that the lower court erred during the trial in permitting an information charging burglary of a building owned by Sterchi Brothers, Inc., a corporation, to be amended to read Sterchi Brothers Stores, Inc., a corporation.
As in the case of burglary, ownership is an essential element of the charge of buying, receiving or aiding in the concealment of stolen property. Pelaez v. State, 1932, 107 Fla. 50, 144 So. 364. Therefore, must this case be reversed when there is not even the remote suggestion that appellant was prejudiced by the amendment? We think not.
Alvarez is distinguishable to the extent that the opinion was predicated in large part upon the conclusion that the defendant had been tried in violation of Florida constitutional provisions which require that informations be filed under oath. Unlike Alvarez, the information in the instant case was refiled and resworn. By the same token, the information in Sipos had not been refiled and reverified. Of further significance is the fact that the Sipos amendment occurred after the taking of testimony was closed, and the court denied the defendant's request for a continuance.
RCP 3.140(o), first adopted in 1967, is apropos to this issue. The rule reads as follows:
"(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense."
While similar language was contained in former Fla. Stat. § 906.25 when Alvarez and Sipos were decided, there is no indication in these opinions that the statute was considered.
The modern trend in both criminal and civil proceedings is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial. Michigan v. Tucker, 1974, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182. Appellant received a fair trial.
Affirmed.
HOBSON, Acting C.J., and SCHEB, J., concur.