HOBSON, Judge.
Appellant appeals a judgment and sentence on a conviction of lewd and lascivious conduct upon a female child under the age of fourteen without intent to commit rape.
The original information charged the appellant with one count of involuntary sexual battery upon a person twelve years of age and in the process thereof used or threatened to use a deadly weapon or actual physical force likely to cause serious personal injury. Count two charged that appellant did unlawfully handle, fondle or make an assault upon a female child under the age of fourteen in a lewd, lascivious or indecent manner without intent to commit rape. On the day before trial the state filed an amended information, without the consent of the court, amending count one of the original information to involuntary sexual battery using in the process thereof physical force and violence not likely to cause serious personal injury. The amended information restated count two in the identical language as was set forth in the second count of the original information.
The amended information was served on appellant the morning of trial. The appellant immediately orally moved to quash the amended information, which was granted by the court. Over the appellant’s objections the trial proceeded on the original information. At the close of the state’s case the court granted appellant’s motion for directed verdict as to count one but denied his motion as to count two. The jury returned a verdict of guilty as to count two and thereafter he was adjudged guilty and sentenced.
It is the appellant’s position that the court erred in refusing to quash the original information because the filing of the amended information vitiated the original information the same as if it had been formally dismissed by order of the court.
In support of the appellant’s contention he cites Wilcox v. State, Fla.App.4th 1971, 248 So.2d 692. The Wilcox case is readily distinguishable from this case. In Wilcox the defendant was charged with having received or aided in the concealment of certain stolen property which was described as a 1968 Cadillac Eldorado belonging to the Ft. Lauderdale Lincoln-Mercury Company. Thereafter the state filed a motion to amend the information, which motion was granted by the court. The amended information charged the defendant with having received or aided in the concealment of stolen property described as a 1968 four-door sedan DeVille belonging to Slaton Rent-A-Car Company. Upon oral motion by the state to withdraw the amended information, the trial court entered an order granting the same. When the case was called for trial the defendant objected to being tried on the original information. The objection was overruled and the defendant was tried and found guilty of the charge contained in the original information.
In Wilcox the court stated:
“A comparison of the amended information with the original indicates that the amended information charges a totally different crime than that charged in the original information.”
* * * * * *
“The filing of an amended information which purports to be a complete restatement of an offense has the effect of vitiating the original information as fully as though it had been formally dismissed by order of court. See Alvarez v. State [157 Fla. 254, 25 So.2d 661] supra, and Armstrong v. United States, 9 Cir. 1926, 16 F.2d 62. Consequently when the state announced its intent to abandon the amended information and secured an order permitting same, the state was left without a charge against the defendant, and the trial court erred in requiring the defendant to proceed to trial without the filing of a new information and compliance with all procedural steps that would be pertinent to an original information.
“We cannot sanction the procedure that was here followed as harmless error. Aside from the theoretical difficulty in holding that the withdrawal of the *874 amended information ‘revives’ the original information, the procedure here employed contains a serious potential for the imposition of surprise and the consequent denial of a fair trial.”
Although the amended information as to count one herein charged a different crime than that charged in the original information, it charged the identical crime in count two that was charged in the original information. The appellant was granted a directed verdict as to count one in this case; therefore, he cannot be heard to complain. However, as count two of the amended information was identical to count two of the original information, the appellant could not have been surprised and consequently was not denied a fair trial. Moreover, the state failed to acquire the court’s permission to file the amended information.
The other points on appeal have been carefully considered and found to be without merit.
For the foregoing reasons the judgment and sentence appealed are AFFIRMED.
MeNULTY, C. J., and GRIMES, J., concur.