SUNDBERG, Justice.
This case is before us on petition for writ of certiorari to the District Court of Appeal, Second District. We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution.
Petitioner Lackos was convicted of buying, receiving or aiding in the concealment of stolen property. In the information the owner of the property was specified to be Remington Electric Razors, Incorporated. During the State’s case, the local manager of the company from which the electric razors had been stolen testified that the correct corporate name of the firm at the time of the theft was Remington Electric Shavers, a Division of Sperry Rand Corporation. At this point, the State moved to amend its information to include the correct corporate name. After objection, the court offered to continue the trial for as long as reasonably necessary for the petitioner to seek to obtain evidence indicating that he would be prejudiced by the amendment. Petitioner’s counsel asserted that the question of prejudice was immaterial and declined the offer of continuance. Thereupon, the State was permitted to amend, and the petitioner was subsequently convicted.
In an opinfeh reported at 326 So.2d 220, the Second District Court of Appeal affirmed the action taken by the trial court. Because of conflict in decision with Alvarez v. State, 157 Fla. 254, 25 So.2d 661 (1946), and Sipos v. State, 90 So.2d 113 (Fla.1956), we issued our order allowing certiorari and dispensing with oral argument. After studying the briefs submitted by the parties, we have concluded that the District Court of Appeal reached the proper result in the instant case.
In Alvarez, supra, the information charged the defendant with breaking and entering a building owned by Harold McGucken with intent to commit a felony, to-wit: grand larceriy. At trial it was determined that the building was actually owned by McGucken Liquor Stores, Inc., a corporation. Over the defendant’s objection, the court permitted the State to amend its information by striking out the name of the alleged owner and inserting in lieu thereof the appropriate name. This decision was found to be reversible error in a Supreme Court opinion which indicated that when an information is amended in a matter of substance, it should be re-signed by the prosecutor, re-sworn to by him, and re-filed with the clerk. The Court further held that the defendant'should be re-ar *219 raigned, should re-plead, and that the jury should be re-selected and re-sworn upon new issues joined. Alvarez was followed in Sipos v. State, supra, wherein it was held that a trial court erred in permitting an information charging burglary of a building owned by Sterchi Brothers, Inc., a corporation, to be amended to read Sterchi Brothers Stores, Inc., a corporation.
Rule 3.140(o), Fla.R.Cr.P., first adopted in 1967, governs the resolution of this issue. That rule reads as follows:
“Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.”
As pointed out by the District Court, there is no showing that language similar to the foregoing, contained in former Section 906.-25, Florida Statutes, was considered by the Alvarez and Sipos courts.
We are persuaded by the reasoning articulated by Judge Grimes, writing for the District Court in the instant case:
“The modern trend in both criminal and civil proceedings is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial. Michigan v. Tucker, 1974, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182. Appellant received a fair trial.”
We agree that a showing of prejudice should be a condition precedent to undertaking the kind of procedural niceties envisioned by Alvarez, supra, and Sipos, supra. While we note that the District Court of Appeal sought to distinguish those earlier decisions from the case sub judice, to the extent that Alvarez and Sipos conflict with the principles enunciated herein they are expressly overruled.
Accordingly, the writ is discharged.
OVERTON, C. J., and ROBERTS, BOYD, ENGLAND and HATCHETT, JJ., concur.
ADKINS, J., dissents.