537 So.2d 1373 (1989)
STATE of Florida, Petitioner,
v.
Jackie ANDERSON, Respondent.
No. 72051.
Supreme Court of Florida.
January 26, 1989.
Robert A. Butterworth, Atty. Gen., and Georgina Jimenez-Orosa and Alfonso M. Saldana, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for respondent.
SHAW, Justice.
We review Anderson v. State, 526 So.2d 106 (Fla. 4th DCA 1988), to answer a certified question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was charged by information with burglary of a dwelling in violation of section 810.02(1), (3), Florida Statutes (1985), a felony of the second degree. One day prior to trial, the state filed an amended information charging first-degree burglary under section 810.021(1), (2)(a), Florida Statutes (1985). Immediately prior to trial, the state and respondent reached an agreement that the state would proceed on the original burglary charge, as evidenced by the following colloquy:
THE COURT: Have your client step up to the microphone.
MS. ALLEN: I believe Mr. Johnson and I have resolved the matter and the State will be proceeding on the second-degree burglary. That is my understanding.
MR. JOHNSON: That's correct, Your Honor.
THE COURT: Raise your right hand, please, sir.
WHEREUPON:
JACKIE ANDERSON
having been called as a witness on his own behalf, and after being first duly sworn by the Court, was examined and testified under the oath as follows:
THE COURT: Lower your hand. State your name.
THE DEFENDANT: Jackie Lee Anderson.
THE COURT: Lower your hand, Mr. Anderson.
Because the State filed at the last minute an Amended Information, you are legally entitled to a continuance, a delay in this matter.
Has your lawyer explained that to you and do you understand the choice is yours?
You have to answer me.

*1374 THE DEFENDANT: Yes, sir.
THE COURT: Is it your choice and your desire to proceed to trial, is that correct?
THE DEFENDANT: Yes, sir.
THE COURT: Now, they filed an Amended Information which changes the original Information for the State to proceed on and you to proceed to defend on the original Information, which required a waiver of an important legal right on your part.
You have the right to require the State to refile the original charge and to proceed on that. In other words, to in effect nol-pros the amended charge and refile the original charge.
You could raise that as a defense or attack it on appeal if you were to be convicted on the original charge, do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: It is your choice, your desire to waive or give up that legal right, and it is sort of a technicality but it is an important legal right too, if you are convicted on the original Information, it will be the same as if it were the pending Information in all respects and you can be sentenced and you cannot complain that they filed an Amended Information, do you understand that?
THE DEFENDANT: Yes.
THE COURT: Mr. Hesse, vacate and set aside the Amended Information.
The Court with the consent of the State and the defense proceeds on the original Information and in all respects it is a viable charging document on which Mr. Anderson will be found guilty or not guilty depending on the decision of the jury.
Okay. Have a seat, Mr. Anderson. We will get underway.
Respondent was tried and found guilty of violating section 810.02(1), (3) and sentenced to four and one-half years in prison.
The district court reversed, relying on Wilcox v. State, 248 So.2d 692 (Fla. 4th DCA 1971), and Alvarez v. State, 157 Fla. 254, 25 So.2d 661 (1946). The court reasoned that the filing of the amended information superseded the original information; therefore, when the state subsequently withdrew the amended information, no viable charging instrument remained. Article I, section 15 of the Florida Constitution requires that all prosecutions, with exceptions not pertinent here, be made by presentment, indictment, or information. The district court concluded that absent a valid charging instrument, the trial court lacked jurisdiction to proceed. The court rejected the argument that respondent's actions in agreeing to, even sponsoring, trial on the original charge constituted invited error of which respondent could not complain. This was so, the court concluded, because invited error or failure to object cannot confer jurisdiction on a court. In dissent, Judge Walden reasoned that the colloquy implicitly amended the existing (amended) information, that jurisdiction was uninterrupted, and that respondent waived any failure of the state to refile a corrected information. The district court certified the following question of great public importance:
[W]hether invited error can overcome the fact that technically the information has been extinguished by the filing of an amended information, or whether an information so extinguished can be revived by mutual agreement of the state, the defendant and the court.
Anderson, 526 So.2d at 109.
We begin our examination by expressing agreement with many of the principles of law expressed by the district court. It is well settled that the filing of an amended information purporting to be a complete restatement of the charges supersedes and vitiates an earlier information. It is also clear, with exceptions not present here, that jurisdiction to try an accused does not exist under article I, section 15 of the Florida Constitution unless there is an extant information, indictment, or presentment filed by the state. It is also well settled that the parties may not confer jurisdiction on a court. Nevertheless, under the facts present here and for the following reasons, *1375 we conclude that the district court's reliance on Alvarez and Wilcox was misplaced and the decision below is in error.
In Alvarez, the defendant was charged by information with unlawfully and feloniously breaking and entering a building owned by another with the intent to commit grand larceny. After the trial commenced, testimony was introduced that the owner of the property as alleged in the information was erroneous and that the property was owned by another. Over objection, the state amended the information without refiling, the trial continued, and the defendant was convicted. Upon review, we concluded that the amendment was a matter of substance which under then well-settled law required dismissal of the charge and recommencement by refiling, rearraignment, repleading, and reselection of a jury. Because the original information had been vitiated, the defendant had been tried on a purported information which did not comply with the Florida Constitution. Relying on Alvarez, we again reversed a conviction in Sipos v. State, 90 So.2d 113 (Fla. 1956), where the trial judge had permitted a similar substantive amendment of an information during trial and over the objection of the defendant. In Wilcox, the court applied Alvarez to a situation where the state filed an information describing a certain stolen car and then filed an amended information describing an entirely different car. On oral motion, without refiling and over the objection of the defendant, the state withdrew the amended information and trial was had on the original, superseded information. The court found this to be reversible error.
In relying on Alvarez and Wilcox, the district court apparently overlooked Lackos v. State, 339 So.2d 217 (Fla. 1976) where we accepted jurisdiction of Lackos v. State, 326 So.2d 220 (Fla. 2d DCA 1976) because of conflict with Alvarez and Sipos. In Lackos, during trial and over the objection of the defendant, the state was permitted to substantively amend the information by correcting the name of the owner from which the property had been allegedly stolen. Revisiting Alvarez and Sipos, we concluded that Florida Rule of Criminal Procedure 3.140(o), first adopted in 1967 and not addressed by Alvarez and Sipos, governed the resolution of such amendments, and, further:
We are persuaded by the reasoning articulated by Judge Grimes, writing for the District Court in the instant case:
"The modern trend in both criminal and civil proceedings is to excuse technical defects which have no bearing upon the substantial rights of the parties. When procedural irregularities occur, the emphasis is on determining whether anyone was prejudiced by the departure. A defendant is entitled to a fair trial, not a perfect trial. Michigan v. Tucker, 1974, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182. Appellant received a fair trial."
We agree that a showing of prejudice should be a condition precedent to undertaking the kind of procedural niceties envisioned by Alvarez, supra, and Sipos, supra.
Lackos, 339 So.2d at 219. Accordingly, "to the extent that Alvarez and Sipos conflict with the principles enunciated herein they are expressly overruled." Id.
Alvarez and Sipos represent a highly formalistic approach requiring that amendments to informations be resworn and refiled by the prosecutor even if the amendments do not violate due process (notice) or otherwise prejudice the defendant. By overruling Alvarez and Sipos, Lackos signaled the adoption of a due process standard and the abandonment of the highly technical and formalistic requirement that every amendment be resworn and refiled. Lackos stands for the proposition that the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant. This proposition is even more relevant when, as here, the amendment occurs prior to trial. Respondent does not argue, and the district court did not find, that he suffered any prejudice from being tried as originally charged.
In summation, we agree that the original information was vitiated by the filing of an *1376 amended information (second information). At this point the court had jurisdiction to proceed to trial. The fact that the amended information was subsequently orally amended did not have the effect of divesting the court of jurisdiction. Respondent argues that the second information was vacated by court order, therefore there was no charging instrument before the court when the defendant agreed to proceed to trial. In support of his position he refers us to the judge's statement, "Mr. Hesse, vacate and set aside the amended information." This statement, taken in isolation would appear to support his argument. The statement, however, must be read in context of the entire colloquy in which the respondent agreed to go to trial on the offense described in the originally filed information. Functionally, as Judge Walden suggested below, the colloquy shows the state agreeing to amend the second (extant) information by charging a lesser offense in return for respondent's agreement not to seek a continuance. This conclusion is consistent with the clear intent of the parties and is supported by analogous case law holding that entry of a plea without objection waives failure of the state to comply with constitutional provisions on filing of informations by authorized prosecutors. See Gerlaugh v. Florida Parole Commission, 139 So.2d 888 (Fla. 1962), and cases discussed therein. Cf. Suarez v. State, 95 Fla. 42, 115 So. 519 (1928) (failure to object waives unfiled amendment to information); Acton v. State, 457 So.2d 540 (Fla. 2d DCA 1984) (erroneous statutory citation in information waived by plea without objection and colloquy); Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979), and cases discussed therein (failure to properly allege crime establishing jurisdiction is tacitly amended by factual basis and plea without objection); Andrews v. State, 343 So.2d 844 (Fla. 1st DCA 1976) (defendant cannot take advantage of plea entered to unalleged offense); Johnson v. State, 190 So.2d 811 (Fla. 4th DCA 1966) (unauthorized substantive amendment of information prior to trial waived by failure to object), cert. denied, 196 So.2d 925 (Fla. 1967).
Essentially, respondent's position is that the trial court erred in not delaying the trial by requiring the state to retype and refile a "new" information even though both parties understood the charge and urged immediate trial. We reject this position.
Because we reach a different conclusion than the district court concerning the import of the aforementioned colloquy, the certified question is moot in light of Lackos. We quash the decision below and remand for further proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and McDONALD and GRIMES, JJ., concur.
OVERTON, J., concurs specially with an opinion.
BARKETT and KOGAN, JJ., concur in result only.
OVERTON, Justice, concurring specially.
I view this issue as no more than a prosecutorial request or motion to withdraw the first amended information. Clearly, the trial court has jurisdiction to proceed on such a motion. In this instance, the prosecution and the defense agreed to the withdrawal of the first amended information and the trial court approved. In my opinion, the withdrawal results in the original information existing as the basis of the criminal charge.