645 So.2d 185 (1994)
Tommy Wayne THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-896.
District Court of Appeal of Florida, Third District.
November 23, 1994.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Cecily Robinson-Duffie, Asst. Atty. Gen., for appellee.
Before BARKDULL, JORGENSON and COPE, JJ.
BARKDULL, Judge.
Defendant appeals his conviction, after trial by jury, on counts of burglary and criminal mischief.
On October 6, 1993, as victim approached her home, she noticed a man standing next to a car parked in front of her house and that her home's alarm system was sounding. Victim got out of her car and asked the man who he was and what he was doing. The man responded that he was Tommy John *186 Thomas, that he was a painter, that he was in the neighborhood looking for work, that he had been driving by the house when he heard the alarm, and, that he had seen two black men running away from the house. The victim went into the house, saw that someone had damaged a component of the alarm system, got a gun, a piece of paper and a pencil, and went back outside to talk to Thomas. The victim gave Thomas the paper and he wrote down his name, address and telephone number. Thomas told the victim to call if he could be of any further help and left. The victim went back inside and while looking around the house found a wallet on the floor, next to the damaged alarm component. The wallet contained a picture ID card of Tommy Thomas. The victim called her husband who in turn called the police. The victim told the police about Thomas and gave the police Thomas' wallet. The police went to Thomas' home to question him. Thomas told the police that his wallet had been stolen two days before. The wallet contained a picture ID card which had been issued to Thomas one day before. Thomas was arrested and charged with burglary and criminal mischief. There were no witnesses to the actual break in and the police gathered no other evidence, except for the wallet, from the scene.
During voir dire the state attorney discussed circumstantial evidence with the jury. At one point the trial court restated a point made by the state attorney regarding the lack of fingerprint evidence and at another point the trial court made an observation regarding fingerprint evidence in general. The trial court was careful to instruct the jury pool that it was not attempting to influence them in any way and that, if chosen to serve as jurors, they must determine the issues based on the evidence and that they must each individually weigh the evidence presented or lack thereof in reaching a verdict.
A jury was empaneled and defendant was found guilty as charged. Defendant, by this appeal, argues that the trial court's observations, regarding fingerprint evidence, were so improper and prejudicial that defendant was denied the right to a fair trial. Specifically defendant argues that the trial court's comments were the equivalent of an instruction to the jury to reject defendant's lack of evidence defense. Further, defendant argues that the trial court's comments were so erroneous that they amounted to per se fundamental error and thus this court must reverse.
It is well settled that in order to raise an issue on appeal the issue must have been properly preserved for appellate review. In order to preserve an issue for appellate review there must be an objection in the trial court which raises the specific grounds and legal argument upon which the objection is based. See and compare Occhicone v. State, 570 So.2d 902 (Fla. 1990), cert. denied, 500 U.S. 938, 111 S.Ct. 2067, 114 L.Ed.2d 471 (1991); Bertolotti v. State, 565 So.2d 1343 (Fla.), cert. denied, 497 U.S. 1031, 110 S.Ct. 3296, 111 L.Ed.2d 804 (1990); Ross v. State, 386 So.2d 1191 (Fla. 1980). In the instant action defendant failed to object to the allegedly prejudicial comments and did not timely move for a mistrial. Defendant's failure to object is strong indicia that at the time and under the circumstances defendant did not regard the complained of error to be harmful or prejudicial. Ray v. State, 403 So.2d 956, 960 (Fla. 1981). By failing to timely object defendant has waived the right to appellate review of any alleged error. See Occhicone; Bertolotti; Ray; Ross.
Assuming, which we do not, that the trial court's comments were error, we hold that any error was harmless beyond a reasonable doubt. See and compare Wyatt v. State, 641 So.2d 1336 (Fla. 1994); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986); Ross.
Accordingly defendant's convictions for burglary and criminal mischief are in all respects affirmed.
Affirmed.