PER CURIAM.
The defendant’s sole point on this appeal challenges the admission of a written “pri- or consistent statement” made by his alleged co-perpetrator who testified against him at the trial. There is no merit to this claim because (a) the statement was properly admitted to rebut the argument that the accomplice’s testimony was fabricated only after he had plead guilty himself, see Moore v. State, 701 So.2d 545 (Fla.1997), cert. denied, 523 U.S. 1083, 118 S.Ct. 1536, 140 L.Ed.2d 685 (1998); (b) the defendant’s objection below was not based on the legal ground asserted on appeal, Thomas v. State, 645 So.2d 185 (Fla. 3d DCA 1994); and (c) the admission of the written statement was plainly cumulative and thus harmless beyond a reasonable doubt. Goodwin v. State, 751 So.2d 537 (Fla.1999); State v. DiGuilio, 491 So.2d 1129 (Fla.1986); Moss v. State, 664 So.2d 1061 (Fla. 3d DCA 1995), review denied, 675 So.2d 928 (Fla.1996).
Affirmed.