POLEN, J.
 

 Appellant, Jovan Howard, pro se, appeals the trial court’s order adjudicating him guilty of burglary of a dwelling and sentencing him to thirty years imprisonment as an habitual felony offender. Though Howard has raised nine points on appeal, we hold that none warrants reversal by this court and affirm.
 

 Howard was charged by information with burglary of a dwelling on February 13, 2006 for events occurring on August 28, 2003. Howard chose to represent himself at a jury trial. The victim of the burglary testified regarding the events of August 28, 2003. On that date, the victim lived in a home on Oak Tree Drive in Fort Lauder-dale with her husband and three children. The victim was the last person to leave on that day, and she recalled that the home was neat and that she had locked the doors as she did regularly. She returned home around one o’clock after receiving a phone call from her son. When the victim arrived, the police were at her home with her son and some of his friends. The master bedroom and another bedroom had been completely messed up — drawers were pulled out from dressers and their contents dumped onto the floor. Jewelry and
 
 *106
 
 a coin collection were missing from the home. The victim estimated the value of the coin collection to have been between four and five thousand dollars and the value of the jewelry to have been five thousand dollars. Also, the victim noticed that a sliding glass door had been pried open and damaged and that a curtain next to the door had been stained by blood. The victim had no personal knowledge of the person who broke into her home, had never met Howard, and had never given Howard permission to enter her home.
 

 Deputy Kevin Lanham arrived at the scene to take a swab of the blood stain on the curtain. Lanham took the swab to the lab located in the courthouse. A DNA specialist with the Broward Sheriffs Office crime lab testified that she received the swabs, confirmed the presence of blood, and sent them to a Bode Technology laboratory for further analysis. The specialist later received a DNA profile for the sample from the Bode Technology laboratory and ran a DNA analysis on an oral swab from Howard who was already in state custody. The specialist determined that the blood sample taken from the crime scene and Howard had the same DNA profile.
 

 A DNA analyst from Bode Technology explained that when she is done with the testing, she places the swabs back in the envelope, and seals and signs the envelope. She clarified that in this case, her colleague signed the sealed envelope in her presence. Howard objected on hearsay grounds, and the trial court overruled the objection.
 

 Howard’s wife testified that Howard was home with her on the day of the burglary. The jury found Howard guilty of burglary of a dwelling, and the trial court sentenced him to thirty years imprisonment.
 

 Howard first argues the trial court erred in providing the jury with the original information instead of the amended information. There is no indication in the record that the jury received either an amended or an original information. Furthermore, Howard’s reliance on
 
 Wilcox v. State,
 
 248 So.2d 692 (Fla. 4th DCA 1971), is misplaced. In
 
 Wilcox,
 
 this court held, “The filing of an amended information which purports to be a complete restatement of an offense has the effect of vitiating the original information as fully as though it had been formally dismissed by order of court.”
 
 Id.
 
 at 694. Here, the State amended the information for the sole purpose of adding Howard’s alias.
 

 The next two issues raised involve the trial court’s instructions to the jury. First, Howard contends the trial court committed fundamental error in providing the jury with incorrect written instructions regarding the elements of burglary because the instructions stated that the jury must find the defendant entered the dwelling with the intent to commit a burglary. The instructions given below are not materially distinguishable from those which we have previously upheld, and thus, this is not a point of reversible error.
 
 Freeman v. State,
 
 787 So.2d 152, 154 (Fla. 4th DCA 2001) (holding that the erroneous use of the term “burglary” in the beginning of the written jury instructions was not fundamental because any error was cured by the correct use of the term “theft” in the latter portion of the written instructions).
 

 Another jury instruction issue raised is whether the trial court committed fundamental error when it instructed the jury that “[a]n act is committed in the course of committing if it occurs in the attempt to commit the offense or in flight, after the attempt or commission” because no evidence of Howard’s flight was offered at trial. As the State correctly points out, the contested instruction is a standard in
 
 *107
 
 struction having to do with the timing of the underlying offense and not consciousness of guilt. Accordingly, lack of evidence of flight is irrelevant, and Howard has failed to show that this is a point of reversible error.
 

 The trial court denied Howard’s motion for exculpatory evidence in which he requested that the court compel the State to give Howard the cotton swab used to swab the curtain so that he could engage in independent testing. Howard now argues that the trial court erred in denying this motion and in admitting the cotton swabs into evidence when the State failed to “disclose” the swabs by physically providing them to Howard. Howard relies on cases in which the court has held that suppression by the State of evidence favorable to the defendant violates due process.
 
 E.g., Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Howard does not explain, however, how the swabs were favorable to him or his defense. As the State points out, Howard knew of the swabs well before the trial, and the swabs were available to Howard for inspection at the laboratory. Removing the swabs from the vault and providing them to Howard in jail would have created significant chain of custody issues. Had Howard arranged to have the swabs independently tested by another lab, the swabs could have been removed, but Howard never made such arrangements. On these facts, there was no error.
 

 Howard contends the trial court erred in denying his motion to dismiss. “[A] motion to dismiss should be granted only where the most favorable construction to the State would not establish a prima facie case of guilt. And if there is any evidence upon which a reasonable jury could find guilt, such a motion must be denied.”
 
 State v. Terma,
 
 997 So.2d 1174, 1177 (Fla. 3d DCA 2008) (quoting
 
 State v. McQuay,
 
 403 So.2d 566, 567-68 (Fla. 3d DCA 1981)). In order to prove burglary of a dwelling in violation of section 810.02, Florida Statutes (2003), the State had to show that Howard entered a dwelling with the intent to commit an offense therein. The above stated facts, when construed most favorably to the State, establish a prima facie case of burglary against Howard. Accordingly, the trial court did not err in denying the motion to dismiss.
 

 Below, Howard objected on hearsay grounds to the Bode Technology DNA analyst’s testimony that she witnessed her colleague initial the envelope in her presence once it was resealed. Howard now argues the trial court erred when it overruled this objection. As the State correctly points out, this was not hearsay testimony — the analyst testified to an event she personally witnessed.
 

 During voir dire the trial judge referenced television shows like
 
 CSI: Miami
 
 and asked whether the jury understood that, in real life, DNA evidence is not processed in a day. Because Howard made no objection to the comments below, Howard’s assertion that the comments constituted reversible error may not be raised on appeal.
 
 Thomas v. State,
 
 645 So.2d 185 (Fla. 3d DCA 1994) (holding that in order to raise prejudicial comments of trial court on appeal, defendant must object to comments when made and move for a mistrial).
 

 Finally, Howard argues the trial court failed to properly swear in the jury. As the Florida Supreme Court has long held, if the record “imports that the jurors were in fact sworn, -without negativing the presumption that they were duly sworn, the entry is sufficient, and in better form than if the prescribed oath were recited word for word.”
 
 Garner v. State,
 
 28 Fla. 113, 9 So. 835, 844 (1891). In the present
 
 *108
 
 case, after the jury was chosen, the record reads “(jury sworn)”. Thus, the record does not support Howard’s argument. For the foregoing reasons, we affirm the trial court’s judgment.
 

 Affirmed.
 

 STEVENSON and GERBER, JJ., concur.