[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14024
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-22220-MGC

SHAUN FREDERICK,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner was convicted in a Florida state court of burglary of an unoccupied structure, two counts of kidnaping with a weapon, robbery with a weapon, and resisting an officer without violence. After exhausting his state remedies, he petitioned the district court for a writ of habeas corpus, 28 U.S.C. § 2254. The court denied relief, and he appeals its decision.

The district court issued a certificate of appealability on three issues:

1. Whether petitioner was denied effective assistance of counsel, where his lawyer failed to object and/or file a motion to dismiss the Amended Information.

2. Whether petitioner was denied effective assistance of counsel, where his lawyer failed to object to and/or otherwise preserve as error the court's confusing and otherwise misleading instructions to the jury.

3. Whether petitioner was denied effective assistance of counsel, where his lawyer failed to discover that one of the petitioner's prior convictions did not qualify as a predicate offense for purposes of his habitual felony offender enhancement.

In his brief on appeal, petitioner failed to brief the third issue. We therefore treat it as abandoned, *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), and turn to the first two issues.

We review a district court's denial of § 2254 habeas relief *de novo*. *Gamble v. Sec'y, Fla. Dep't of Corr.*, 450 F.3d 1245, 1247 (11th Cir. 2006). A federal court may grant a writ of habeas corpus only if the decision of the state court

adjudicating the petitioner's claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A state court's decision is "contrary to" federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). A state court's decision involves "an unreasonable application" of federal law if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. at 1523.

To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) that his counsel's performance was deficient, *i.e.*, the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct 2052, 2064-65, 80 L.Ed.2d 674

(1984).  In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690, 104 S.Ct. at 2066.  Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases.  *Id.* at 688-89, 104 S.Ct. at 2065.  To make such a showing, the petitioner must demonstrate that "no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotation omitted).  A lawyer cannot be deficient for failing to raise a meritless claim. *Freeman v. Atty. Gen.* 536 F.3d 1225, 1233 (11th Cir. 2008).  Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

In a § 2254 proceeding, the petitioner must do more than satisfy the *Strickland* standard; the petitioner must also show that the state court applied *Strickland* in an objectively unreasonable manner.  *Rutherford v. Crosby*, 385 F.3d 1300, 1309 (11th Cir. 2004); *Knowles v. Mirzayance*, 556 U.S. __, __, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009) (noting that the standard of review is "doubly

4

deferential" when "a *Strickland* claim [is] evaluated under the § 2254(d)(1)

standard"). With these principles in hand, we consider the two issues before us.

## I.

Under Florida law, an information may be substantively amended during

trial, even over the objection of the defense, in the absence of a showing of

prejudice to the substantial rights of the accused. *See State v. Anderson*, 537

So.2d 1373, 1375-76 (Fla. 1989).

Florida criminal law provides the following as to the crime of burglary:

> [(1)](b) For offenses committed after July 1, 2001, "burglary" means:
> 1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter;
> . . .
> (2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment . . . if, in the course of committing the offense, the offender:
> . . .
> (b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon;
> . . .
> (3) Burglary is a felony of the second degree . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive, and the offender enters or remains in a:
> . . .
> (c) Structure, and there is another person in the structure at the time the offender enters or remains;
> . . .

Fla. Stat. § 810.02 (2007).  As to lesser included offenses, Fla. R. Crim. P. 3.490 provides: "[i]f the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence.  The judge shall not instruct on any degree as to which there is no evidence."

The Florida Standard Jury Instructions for criminal cases appear on the Florida Supreme Court's website.  The burglary instruction specifically provides that burglary of an occupied structure, in violation of Fla. Stat. § 810.02(3)(c), is a lesser included offense of armed burglary, in violation of Fla. Stat. § 810.02(2)(b). http://www.floridasupremecourt.org/jury_instructions/instructions .shtml#, Chapter 13.1 at 4-5.

The state court reasonably determined, pursuant to *Strickland*, that petitioner's lawyer rendered effective assistance even though counsel failed to object or move to dismiss the amended information.  Here, counsel did not object to the amended information because the lawful amendment decreased the severity of the charged offense, which benefitted the defendant.  Moreover, because burglary of an occupied structure is a lesser included offense of armed burglary under Florida law, the court likely would have instructed the jury as to the lesser offense even without the amendment.  Fla. R. Crim. P. 3.490.  Thus, counsel's

6

performance in failing to object did not fall below the wide range of competence demanded of attorneys in criminal cases. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065. Furthermore, petitioner has failed to establish that the outcome of the proceedings would have been different had his counsel objected to the amended information, and thus, he has failed to establish that he suffered any prejudice as a result of counsel's performance. *Id*. at 687, 104 S.Ct. at 2064.

## II.

The state court reasonably determined, pursuant to *Strickland*, that petitioner's attorney rendered effective assistance even though counsel failed to object to a jury instruction that, petitioner contends, was confusing or misleading. Here, even though the court initially misstated that the defendant was charged with armed burglary, the court read the standard burglary instruction and then instructed the jury to determine whether the structure was occupied. The instruction itself did not mention the word "armed" and it did not instruct the jury to determine whether the defendant was guilty of armed burglary. Because the trial court read the proper instruction and the initial misstatement was minor, the district court did not err in finding that the state court reasonably applied *Strickland* in determining that counsel's performance was not deficient. *Freeman v. Atty. Gen.* 536 F.3d 1225, 1233 (11th Cir. 2008). Moreover, because petitioner

7

failed to establish that the court's misstatement impacted the jury's verdict, the trial court reasonably applied *Strickland* in concluding that petitioner was not prejudiced by his counsel's failure to object to the jury instruction. *Rutherford*, 385 F.3d at 1309; *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

AFFIRMED.