# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0352
Lower Tribunal No. 22-20702-CA-01
_____

**Marvin Conley**,
Appellant,

vs.

**Zarren Gordon,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Marvin Conley, in proper person.

Law Offices of Martin Feldman, P.A., and Martin Feldman, for appellee.

Before LOGUE, MILLER, and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Thomas v. State, 645 So. 2d 185, 186 (Fla. 3d DCA 1994) ("It is well settled that in order to raise an issue on appeal the issue must have been properly preserved for appellate review.  In order to preserve an issue for appellate review there must be an objection in the trial court which raises the specific grounds and legal argument upon which the objection is based. . . .  By failing to timely object defendant has waived the right to appellate review of any alleged error.") (citations omitted); Cruz v. Clyne, 400 So. 3d 31, 32 (Fla. 3d DCA) ("'Rule 1.440 is designed to safeguard the parties' right to procedural due process.'  While generally we have held that trial courts must strictly comply with rule 1.440(c), we also have recognized that compliance with the rule's requirements may be waived if the aggrieved party appears and participates at trial, without raising an objection to how the case was set for trial.") (quoting Parrish v. Dougherty, 505 So. 2d 646, 648 (Fla. 1st DCA 1987)) (footnote and citation omitted), reh'g denied (Dec. 11, 2024); Correa v. U.S. Bank N.A., 118 So. 3d 952, 954 (Fla. 2d DCA 2013) ("Correa argues that the trial court erred in setting the case for trial without providing her thirty days of written notice as required by Florida Rule of Civil Procedure 1.440(c).  However, Correa waived the notice requirements of rule 1.440(c) by agreeing to the rescheduled trial date and proceeding at trial without objection."); Brown v. Miami-Dade County, 319

2

So. 3d 81, 83 (Fla. 3d DCA 2021) ("Without a transcript, this court cannot provide meaningful appellate review of [the appellant]'s claims alleging error in the trial court's factual determinations or in the trial court's exercise of its discretion.") (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979)).